J-S69039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| GABRIEL PITTMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| PA DOC | |
| Appellee | No. 833 EDA 2014 |

Appeal from the Order dated January 7, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0000304-1998

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

JUDGMENT ORDER BY STABILE, J.:            **FILED JANUARY 12, 2015**

Appellant Gabriel Pittman *pro se* appeals from the January 7, 2014 order of the Court of Common Pleas of Lehigh County (PCRA court), dismissing his motion for writ of habeas corpus, which the court treated as a petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.[1]  Upon review, we affirm.

The facts and procedural history in the instant case are undisputed. On November 18, 2013, Appellant filed in the PCRA court a motion titled

---

[1] Appellant designates the Department of Corrections (DOC), instead of the Commonwealth of Pennsylvania, as Appellee.  Based on our review of the claims giving rise to this action, we conclude Appellant improperly listed the DOC as Appellee.  His claims largely challenge his conviction and the resulting sentence.  As a result, the Commonwealth Court transferred this appeal to this Court after Appellant incorrectly filed the notice of appeal in that court.

"Motion for State Writ of Habeas Corpus Relief." On January 7, 2014, treating Appellant's habeas motion as a PCRA petition, the PCRA court dismissed the motion on the ground that a petition for allowance of appeal in connection with Appellant's previous PCRA petition was pending before our Supreme Court.

On appeal,[2] Appellant essentially asks this Court to determine whether the PCRA court erred in treating his habeas motion as a PCRA petition. We, however, discern no basis upon which to reverse the PCRA court's ruling in this regard. It is settled that the PCRA subsumes common law remedies where the relief sought is available under the PCRA: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, *including habeas corpus*[.]" 42 Pa.C.S.A. § 9542 (emphasis added). If relief is available under the PCRA, the PCRA is the exclusive means of obtaining the relief sought. ***See Commonwealth v. Eller***, 807 A.2d 838, 842 (Pa. 2002). Accordingly, the PCRA court did not err in treating Appellant's habeas motion as a PCRA petition.

---

[2] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quoting ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. 2007)).

Having determined that the court properly treated Appellant's habeas motion as PCRA petition, the PCRA court did not err in dismissing the habeas motion on the basis that a petition for allowance of appeal was pending before the Supreme Court with respect to Appellant's previous PCRA petition. Our review of the record indicates that Appellant filed his habeas motion on November 18, 2013, and the Supreme Court did not dispose of his petition for allowance of appeal in connection with a previous PCRA petition until February 10, 2014. *See Commonwealth v. Pittman*, 82 A.3d 1085 (Pa. 2013). Our Supreme Court has held that a subsequent PCRA petition cannot be filed until "the resolution of review of the pending [prior] PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000). Accordingly, the PCRA court did not err in dismissing Appellant's habeas motion (treating it as a PCRA petition) on the basis of the pending appeal in a prior PCRA petition.[3]

Order affirmed.

---

[3] Our review of the record reveals the PCRA court did not provide Appellant notice of intent to dismiss the habeas motion (treated as a PCRA petition) under Pa.R.Crim.P. 907. Appellant, however, has not raised this issue on appeal. The failure to challenge the absence of a Rule 907 notice constitutes waiver. *See Commonwealth v. Boyd*, 923 A.2d 513, 514 n. 1 (Pa. Super. 2007).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/12/2015</u>