J-A03025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WILLIE R. TRAVIS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| NANCY GIROUX, ET AL. | |
| Appellees | No. 1061 MDA 2014 |

Appeal from the Order entered June 12, 2014
In the Court of Common Pleas of Dauphin County
Civil Division at No: 2014-CV-03172-MP

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY STABILE, J.:                **FILED MARCH 31, 2015**

Appellant, Willie R. Travis, appeals *pro se* from the dismissal of his "Petition for Writ of *Habeas Corpus ad Subjeciendum*."  We affirm.

Appellant's petition is a collateral attack on the judgment of sentence imposed by the trial court for his conviction of various crimes.  Such "*habeas* petitions" must be addressed under the Post Conviction Relief Act (PCRA), the sole means of obtaining post-conviction collateral relief.  42 Pa.C.S.A. § 9542; **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) ("[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.").

---

[*] Former Justice specially assigned to the Superior Court.

When he filed his *habeas* petition, Appellant's previous PCRA petition was pending. ***See Commonwealth v. Travis***, No. 687 MDA 2014, judgment order at 1-2 (Pa. Super. filed Nov. 6, 2014). "When an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000).

Under ***Lark***, Appellant cannot file a successive post-conviction petition while his previous PCRA petition is still pending on appeal. The trial court properly dismissed Appellant's petition, but for the wrong reason (as an improper filing, instead of for lack of jurisdiction). Because the trial court reached the correct result, we may affirm the order. ***See id.*** at 591. If Appellant wishes to litigate the issues raised in his *habeas* petition (there is some suggestion he advanced the same claim several times before) he must wait until the appeals process regarding his previous PCRA petition is concluded.[1] Until that time, no court may entertain successive post-conviction filings.

---

[1] Although the Commonwealth and the trial court reference Appellant's concise statement of errors complained of on appeal, no concise statement appears in the trial court docket or certified record. Appellant's failure to file his concise statement waives all issues on appeal. ***See*** Pa.R.A.P. 1925(b)(1) (requiring an appellant to "file of record" and serve the concise statement).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2015