J-S48013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN L. BURTON | |
| Appellant | No. 1467 WDA 2014 |

Appeal from the PCRA Order August 7, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0004017-1993
CP-02-CR-0004276-1993

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED OCTOBER 20, 2015**

Appellant, Shawn L. Burton, appeals *pro se* from the PCRA court's August 7, 2014 order denying his serial PCRA petition. We affirm.

The PCRA court ultimately dismissed Appellant's serial PCRA petition as untimely; it should have dismissed the petition as *premature*. Appellant filed the instant PCRA petition while an appeal was pending from the dismissal of Appellant's prior PCRA petition, docketed at 1459 WDA 2013. **See Commonwealth v. Burton**, ___ A.3d ___, 2015 WL 5076284 (Pa. Super., filed August 25, 2015) (*en banc*). Appellant's petition for allowance of appeal in that case, filed on September 11, 2015, is currently pending before our Supreme Court, docked in that Court at 367 WAL 2015.

It is well-settled that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the

resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). Thus, Appellant's serial PCRA petition was prematurely filed and should have been dismissed as such.[1]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2015

_____

[1] Appellant alleges in the current PCRA petition the newly discovered facts exception to the PCRA timebar – apparently based upon facts different than those alleged in his still pending petition. If Appellant chooses to pursue the instant petition after the resolution of review of his prior petition, the subsequent petition must be filed "within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first 'date the claim could have been presented.'" **Larkin**, 746 A.2d at 588 (citing 42 Pa.C.S. § 9545(b)(2)).