J-S33017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| DAVID R. MCGINLEY | : | |
| | : | |
| Appellant | : | No. 1940 MDA 2016 |

Appeal from the PCRA Order October 27, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001634-1994

BEFORE:   BENDER, P.J.E., OTT, J. and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                                   **FILED JUNE 06, 2017**

David R. McGinley appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, dismissing his serial Post Conviction Relief Act ("PCRA") petition, 42 Pa.C.S. §§ 9541-9546.  McGinley seeks relief from the judgment of sentence of 10 to 30 years' imprisonment, imposed after he was found guilty by a jury of involuntary deviate sexual intercourse (ISDI), aggravated indecent assault, indecent assault, indecent exposure, and corruption of minors. [1,2] Based upon the following, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S. §§ 3123(5), 3125(6), 3126(a)(6), 3127, and 6301, respectively.

[2] McGinley was sentenced as follows: for IDSI, 7 to 20 years' imprisonment; for aggravated indecent assault, 3 to 10 years' imprisonment; for indecent assault, 6 to 24 months' imprisonment; for indecent exposure, 6 to 12
*(Footnote Continued Next Page)*

The facts supporting McGinley's convictions are set forth in this Court's decision affirming the judgment of sentence. ***See Commonwealth v. McGinley***, 695 A.2d 438 (Pa. Super. 1997) (unpublished memorandum), *appeal denied*, 698 A.2d 65 (Pa. 1997). A detailed recitation of the procedural history of this case is set forth in this Court's decision affirming the denial of McGinley's previous PCRA petition. ***See Commonwealth v. McGinley***, 134 A.3d 108 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, ___ A.3d ___ (Pa. filed Sept. 23, 2016).

Procedurally, it is important to note that the instant *pro se* petition was filed on August 2, 2016, while McGinley's petition for allowance of appeal regarding his previous PCRA petition was pending in our Supreme Court. ***See Commonwealth v. Lark***, 746 A.2d 585 (2000) (holding court has no jurisdiction to review subsequent PCRA petition that is filed while appeal from previous PCRA petition is still pending). However, the PCRA court ruled on the present petition after the denial of the petition for allowance of appeal.

The instant PCRA petition is facially untimely, and cannot be reviewed unless McGinley pleads and proves a statutory exception to the PCRA time

*(Footnote Continued)* ―――――――――

months' imprisonment; and for corruption of minors, 12 to 24 months' imprisonment. All sentences were made to run concurrently except for that resulting from the IDSI conviction, which was to run consecutive to the remaining sentences. Thus, the aggregate sentence was 10 to 30 years' imprisonment.

bar.   42 Pa.C.S. § 9545(b)(1)(i-iii).   Any petition invoking one of these exceptions must be filed within 60 days of the date the claim could have been presented.   42 Pa.C.S. § 9545(b)(2).

Here, McGinley asserts that he received a mandatory minimum sentence for IDSI, and that his sentence is therefore illegal pursuant to *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. June 20, 2016) (holding 42 Pa.C.S. § 9718, the statute providing a mandatory minimum sentence for IDSI crimes, is unconstitutional under *Alleyne v. United States*, 133 S. Ct. 2151 (2013)).   As such, McGinley's claim implicates the PCRA exception that requires a petitioner to plead and prove "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."   42 Pa.C.S. § 9545(b)(1)(iii).

However, the *Wolfe* Court did not recognize a new constitutional right, let alone hold that any such right applied retroactively; rather, *Wolfe* merely applied *Alleyne* on direct appeal to hold Section 9718 was unconstitutional. Furthermore, our Supreme Court has held that *Alleyne* itself does not apply retroactively to cases on collateral review where the petitioner's judgment of sentence has become final. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). Therefore, McGinley's citation to *Wolfe* does not establish the PCRA exception for a new retroactive constitutional right, 42 Pa.C.S. § 9545(b)(1)(iii).

- 3 -

In short, because the present petition is patently untimely and does not satisfy any PCRA statutory exception, the PCRA court properly dismissed the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2017