746 A.2d 585

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert LARK, Appellant.**

Supreme Court of Pennsylvania.

Submitted July 28, 1999.

Decided Feb. 23, 2000.

Reargument Denied May 2, 2000.

488

Robert Brett Dunham, Philadelphia, for Robert Lark.

Catherine Marshall, Philadelphia, for Com.

Robert A. Graci, Harrisburg, for Office of Atty. Gen.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

CAPPY, Justice.

In this appeal, Appellant contends that the Court of Common Pleas of Philadelphia County erred in dismissing his second petition for relief pursuant to the Post Conviction

Relief Act (PCRA), 42 Pa.C.S. § 9541 et seq., as untimely. We affirm.

On June 28, 1985, Appellant was convicted of first degree murder and related offenses, and was sentenced to death. This court affirmed that sentence on direct appeal on May 20, 1988. *Commonwealth v. Lark*, 518 Pa. 290, 543 A.2d 491 (1988). Appellant's first petition for collateral review pursuant to the PCRA was dismissed by the trial court on September 12, 1995. Thereafter, he appealed.

In April 1997, while the first PCRA petition was pending on appeal, the Philadelphia District Attorney's Office released a videotape depicting a training session by Jack McMahon (the "McMahon tape"). On July 1, 1997, Appellant filed an Application for Remand Pursuant to Pa.R.A.P. 123, requesting that this court remand the matter to the Court of Common Pleas to permit proceedings with regard to post-conviction claims arising from the release of the McMahon tape. Appellant, an African–American, asserted that the videotape shows McMahon training district attorneys to use race- and gender-based stereotypes as a basis for striking potential jurors from jury venires. According to Appellant, the tape evidences the discriminatory jury selection policy of the Philadelphia District Attorney's office which contravenes *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) and deprived him of a fair trial. On July 23, 1997, we issued an opinion affirming the denial of PCRA relief. *Commonwealth v. Lark*, 548 Pa. 441, 698 A.2d 43 (1997). On July 30, 1997, we denied Appellant's Application for Remand due to noncompliance with Pa.R.A.P. 2501 (governing post-submission communications).

On August 29, 1997, Appellant filed the instant PCRA petition, his second, in which he asserted a claim identical to the one that he had raised in his Application for Remand. On January 9, 1998, he filed an amended post-conviction petition. On June 9, 1998, following oral argument, the trial court dismissed the second PCRA petition without an evidentiary hearing. The court found the petition untimely because the

claim was not filed within sixty days of the date that it could have been presented. Notes of PCRA Hearing, 6/9/98 at 13–14. This appeal followed.[1]

The General Assembly promulgated amendments to the PCRA, effective January 16, 1996, which mandate that all petitions for post-conviction relief, including second and subsequent petitions, be filed within one year of the date upon which the judgment became final, unless one of three exceptions apply. A judgment of sentence becomes final at the conclusion of direct review or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). Appellant's judgment became final ninety days after this court's decision on May 20, 1988, when the time for seeking discretionary review with the Supreme Court expired. *See* U.S. Supreme Court Rule 13. Thus, this second petition is untimely unless Appellant can plead and prove that one of the following three exceptions to 42 Pa.C.S. § 9545(b)(1) applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)–(iii). Additionally, an appellant who invokes one of these exceptions must file his claim "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

1. This court exercises direct review of an appeal from a final order denying post conviction relief in capital cases. 42 Pa.C.S. § 9546(d).

Appellant contends that the Post Conviction Relief Act directs an appellant to file a subsequent PCRA petition within sixty days of the discovery of new grounds for relief, but does not explain how to proceed if an appeal of a prior PCRA petition is currently pending. He questions whether the courts of common pleas have jurisdiction to entertain a subsequent petition under these circumstances. Appellant asserts that he filed the second petition in a timely manner because it was filed within sixty days of this court's orders denying relief pursuant to his first PCRA petition and remand request. We find merit in this contention.

■ Appellant initially sought to remand the matter to the trial court for an evidentiary hearing via an Application for Remand Pursuant to Pa.R.A.P. 123, which we denied. Appellant could not have filed his second PCRA petition in the court of common pleas while his first PCRA petition was still pending before this court. The trial court had no jurisdiction to adjudicate issues directly related to this case; only this court did. A second appeal cannot be taken when another proceeding of the same type is already pending. *See* C.J.S. Appeal and Error § 20 ("As a general rule a second proceeding to obtain a review by an appellate court cannot be taken while a prior valid proceeding for such purpose is still pending, and if it is attempted, the second proceeding will be dismissed, unless it has been validated by the abandonment of the first proceeding, or the first proceeding is so defective and ineffectual that it cannot properly be regarded as pending.") (footnotes omitted).

■ We now hold that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review.[2] If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must

2. We note that this holding will not preclude a trial court from granting leave to amend a PCRA petition that is currently pending before that court.

plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

■ Applying this standard, we must determine whether the trial court erred in dismissing the petition as untimely. The second PCRA petition was not filed within one year of the date that the judgment became final. Therefore, we must ascertain whether Appellant can invoke one of the three exceptions pursuant to 42 Pa.C.S. § 9545(b)(1)(i)–(iii). Appellant claims, and we agree, that the second PCRA petition falls within the exception under 42 Pa.C.S. § 9545(b)(1)(ii). The Commonwealth concedes that the substance of the McMahon tape was publicized in early April 1997. Therefore, the facts upon which Appellant based his claim were not known to him and could not have been discovered in the exercise of due diligence until that date. At that time, his first PCRA petition was pending on appeal before this court. Within sixty days of the order denying relief pursuant to his first petition, he filed his second petition. Thus, we find that the presentation of the claim regarding the McMahon tape in the second PCRA petition was timely, and the trial court erred by holding otherwise.[3]

■ Although the trial court did not address the merits of Appellant's *Batson* claim, a sufficient record exists which permits this court's review. *See Commonwealth v. Laird,* 555 Pa. 629, 726 A.2d 346, 351 (1999). Appellant asserts that the Commonwealth used ten of its fourteen peremptory strikes in a racially discriminatory manner to strike African–Americans from the jury. He claims that the prosecutor's statement, "Oh, how awful", in response to defense counsel's allegation that the prosecutor was "striking all blacks" during voir dire, was a tacit admission of such conduct, and the trial court

---

**3.** Because of this resolution, we do not address Appellant's other arguments regarding the denial of his petition as untimely.

improperly refused to allow defense counsel to make a record of the race of these venirepersons. *See* N.T. 6/7/85 at 177–181.[4] Appellant asserts that the McMahon tape, coupled with the rest of this evidence, establishes a prima facie case of discrimination which entitles him to a new trial, or at a minimum, to an evidentiary hearing to establish the alleged discriminatory practice. We disagree.

Appellant's trial occurred in 1985, and was prosecuted by Assistant District Attorney John Carpenter. The McMahon tape was made in 1986 (according to the Commonwealth) or 1987 (according to Appellant). In the tape, Attorney McMahon comments upon the *Batson* decision, which was decided in 1986. We reject Appellant's suggestion that Attorney McMahon's statements during a training session in 1986 or 1987 governed the conduct of a different prosecutor in 1985 merely because both attorneys worked in the same office. We have also previously determined that the tape is not sufficient to establish a policy of discrimination in jury selection by the prosecutors in the District Attorney's Office of Philadelphia County. *See Commonwealth v. Rollins,* 558 Pa. 532, 738 A.2d 435, 443 n. 10 (1999). Thus, the McMahon tape in and of itself "does not demonstrate that there was discrimination in *his* case," *id.* (emphasis in original), and cannot form an independent basis for a *Batson* claim. Rather, the facts underpinning Appellant's *Batson* claim (including the race of each potential juror, the prosecutor's statement and the trial court's refusal to make a record) have been present since the inception of his trial. Consequently, any *Batson* claim predicated upon these

**4.** As additional proof of a *Batson* violation, Appellant points to a study of the Philadelphia criminal justice system which, according to Appellant, indicates that African–Americans convicted of first degree murder receive the death penalty more often than white defendants, in part because of the District Attorney's practice of striking African–American venirepersons at a higher rate than other potential jurors. *See* David Baldus, George Woodworth, et al., *Racial Discrimination and the Death Penalty in the Post–Furman Era: An Empirical and Legal Overview, with Recent Findings from Philadelphia,* 83 Cornell L. Review 1638 (1998). The statistics which comprise the study were of public record and cannot be said to have been "unknown" to Appellant. As such, this information does not fall within the purview of 42 Pa.C.S. § 9545(b)(1)(ii).

previously existing facts does not fall within the exception enumerated under 42 Pa.C.S. § 9545(b)(1)(ii). Although trial counsel apparently recognized this potential claim, neither he nor subsequent counsel raised it on direct or collateral review, thereby waiving the claim. 42 Pa.C.S. § 9544(b). While such inaction may have constituted ineffectiveness of counsel, we cannot address Appellant's untimely *Batson* claim merely because it is couched in terms of ineffectiveness, as this claim does not fall within any of the exceptions to the PCRA's jurisdictional time bar. *See Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581, 586 (1999) (citing *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638, 643 n. 5 (1998)). As the McMahon tape itself is not sufficient evidence of racial discrimination, Appellant cannot revive his waived *Batson* claim through the assertion of the newly-discovered McMahon tape. Thus, this issue fails for lack of merit.

▮▮▮▮ Appellant's current counsel, who first represented Appellant on appeal to this court, has raised four additional issues in their brief. Normally, a petitioner cannot raise new issues for the first time on appeal. *See* 42 Pa.C.S. § 9544(b). However, Appellant asserts that all prior counsel were ineffective for failing to raise these issues, and this was Appellant's first opportunity to raise these issues with new counsel. While Appellant has properly raised this claim of ineffectiveness at the earliest stage of the proceedings at which the allegedly ineffective counsel is no longer representing Appellant, *Commonwealth v. Griffin*, 537 Pa. 447, 644 A.2d 1167, 1170 (1994) (citation omitted), we must still determine whether this court has jurisdiction to address these claims. As indicated earlier, an allegation of ineffectiveness is not sufficient justification to overcome otherwise untimely claims.

▮▮▮▮ First, Appellant asserts that the trial court's instructions on burden of proof at the guilt and penalty stages were constitutionally erroneous. Second, Appellant asserts that the proportionality review denied him his constitutionally protected interests in a meaningful appellate review. Appellant fails to assert that either of these claims fall within any of the

exceptions to the time bar under 42 Pa.C.S. § 9545(b). Thus, these claims are untimely.

■ Third, Appellant argues that the sentence was a product of racial discrimination, and was therefore imposed in violation of both the Pennsylvania and United States Constitutions and the Pennsylvania capital sentencing statute. Appellant claims that this issue is based upon the discovery of the new evidence of the Baldus study, apparently in an attempt to invoke the exception in 42 Pa.C.S. § 9545(b)(1)(ii). However, as previously noted, this study does not constitute new evidence, and thus this claim is untimely as well.[5]

■ Fourth, Appellant claims that the Philadelphia District Attorney's Office has a pattern and practice of providing economic benefits to Commonwealth witnesses, without notifying the defense or the court of these benefits. Appellant claims that this policy was revealed during litigation in two

**5.** Appellant further argues that if we find that the claims are untimely, he is still entitled to review pursuant to principles of equitable tolling and because these alleged errors constitute a miscarriage of justice. We rejected these contentions in *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 222–23 (1999). Additionally, Appellant claims that he is entitled to review pursuant to Pennsylvania's habeas corpus statute. However, the claims Appellant raises involve issues which are cognizable under the PCRA because they involve "[a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i). As Appellant had a remedy under the PCRA, there is no relief under the habeas corpus statute. *Fahy*, 737 A.2d at 224.

Appellant's current counsel claim that they tried to raise these issues by filing a "Petition for Post Conviction and/or Habeas Corpus Relief" in the Philadelphia Court of Common Pleas on July 24, 1998, while this current PCRA petition was pending on appeal before this court. Appellant claims that the clerk of the court of common pleas refused to accept the pleading. Given our reasoning in this opinion, refusal to accept the pleading while the current PCRA petition was pending was proper.

Additionally, Appellant claims that § 9545(b) does not place any time limit on raising newly-discovered issues; to the contrary, claims must be raised within 60 days of the date in which they could have been presented. 42 Pa.C.S. § 9545(b)(2). Moreover, Appellant states that § 9545 does not apply to issues raised for the first time on appeal of the denial of a PCRA petition, but he fails to fully explain this contention.

unrelated homicide cases in the spring of 1998 in which a PCRA court apparently ordered discovery relating to payments made by the District Attorney's Office to witnesses in those cases. Appellant claims that "[i]nsofar as the Commonwealth provided witnesses in [Appellant's] case with lodging and or cash payments (and failed to disclose such information to trial counsel)", his constitutional rights to due process, to confront witnesses against him, and to a fair capital sentencing proceeding were violated. Appellant's Br. at 50, 53. Appellant seeks discovery to determine whether any such benefits were provided to Commonwealth witnesses in his case.

Appellant contends that this claim was timely presented. On April 6, 1998, prior counsel filed a "Supplemental Motion for Discovery" seeking information regarding economic benefits given to witnesses at Appellant's 1985 trial.[6] Current counsel also claim that they attempted to raise this issue via a pleading entitled "Petition for Post Conviction Relief and/or Habeas Corpus Petition" on July 24, 1998, but that the Clerk of the Court of Common Pleas refused to accept the pleading. Current counsel assert that this information constitutes newly-discovered evidence which was not previously available, 42 Pa.C.S. § 9545(b)(1)(ii), and which was not presented earlier due to the interference of governmental officials, namely, the Philadelphia District Attorney's office, which did not promptly reveal the payments in the other cases. 42 Pa.C.S. § 9545(b)(1)(i).

Assuming, without deciding, that the claim is timely presented, the trial court did not err in failing to grant the discovery request. "On the first counseled petition in a death penalty case," discovery is not permitted "except upon leave of court after a showing of good cause." Pa.R.Crim.P. 1502(e)(2). As this case does not involve a first counseled petition, discovery is permitted only "upon leave of court after

---

6. The docket does not reflect that PCRA court ruled upon this discovery motion. The parties treat the motion as if it was denied by the PCRA court. We will do the same. *See generally* Pa.R.Crim.P. 1410(B)(3)(a) (post-trial motions which are not ruled upon within 120 days are deemed denied by operation of law).

a showing of exceptional circumstances." Pa.R.Crim.P. 1502(e)(1). We review the denial of a discovery request in post-conviction proceedings for an abuse of discretion. *See Commonwealth v. Williams*, 557 Pa. 207, 732 A.2d 1167, 1175 (1999).

The petition fails to tie the broad allegations regarding the District Attorney's policy of paying witnesses to the witnesses in Appellant's own case. Allusions to discovery violations in other cases are insufficient to demonstrate that any such violations existed in this case. Appellant has not presented one iota of evidence, such as an affidavit from one of the witnesses in his case, to suggest that any of those witnesses received any economic benefits. We will not sanction a fishing expedition when Appellant fails to provide even a minimal basis for his claim. As Appellant fails to make a showing of exceptional circumstances pursuant to Pa.R.Crim.P. 1502(e)(1), the court below did not abuse its discretion in failing to grant the motion.[7]

Accordingly, we affirm the dismissal of Appellant's second PCRA petition, although on different grounds than those relied upon by the court below. *See E.J. McAleer & Co. v. Iceland Products, Inc.*, 475 Pa. 610, 381 A.2d 441, 443 n. 4 (1977). The Prothonotary of the Supreme Court is directed to transmit the complete record of this case to the Governor.

Justice NIGRO files a concurring opinion.

NIGRO, Justice, concurring.

I concur in the result reached by the majority but write separately to comment on Appellant's claim, although waived, that the trial court improperly refused to allow defense counsel to make a record of the race of the venirepersons for purposes of his *Batson* claim.[1]

---

**7.** Appellant further asserts that review is warranted because of prior counsel's ineffectiveness, principles of equitable tolling and the existence of a miscarriage of justice. As we find this discovery issue to be without merit, these claims are moot.

**1.** In *Batson v. Kentucky*, 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986), the United States Supreme Court held that the

During voir dire, defense counsel requested that the trial court allow him to develop a record indicating the racial composition of the venirepersons in order to preserve a claim that the prosecutor was unconstitutionally using his peremptory strikes to exclude African–Americans from the jury. The trial court refused, stating that "there is no way to determine a person's race or color. I wouldn't do it. I don't think it's proper." N.T., 6/7/85, at 178.

In my view, defense counsel's request was clearly reasonable in light of this Court's general requirement that a defendant seeking to establish a cognizable *Batson* claim on appeal must make a record specifically identifying the race of all venirepersons stricken by the prosecution, the race of the jurors acceptable to the prosecution who were stricken by the defense and the racial composition of the final jury selected. *See Commonwealth v. Hackett*, 558 Pa. 78, 735 A.2d 688, 694 (1999). Given that such a record is, in essence, a prerequisite to preserving a *Batson* claim for appellate review, I believe that any time counsel makes a timely request to make a record for purposes of *Batson*, such a request should be granted.

Equal Protection Clause prohibits a prosecutor from exercising peremptory challenges to exclude jurors solely on account of their race.