J-S56024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES M. BUTTON | |
| Appellant | No. 1973 MDA 2014 |

Appeal from the PCRA Order November 10, 2014
In the Court of Common Pleas of Tioga County
Criminal Division at No(s): 67 CR 1982

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED APRIL 08, 2016**

For the reasons that follow, we quash this appeal.  However, appellant James Button may file a new PCRA petition in the court of common pleas within sixty days of this order, in which he seeks relief under ***Miller v. Alabama***, ___ U.S. ___, 132 S.Ct. 2455 (2012).

We explain our decision briefly.  On January 25, 2016, the United States Supreme Court held in ***Montgomery v. Louisiana***, ____ U.S. ____, 2016 WL 280758 *12 (filed January 25, 2016, as revised on January 27, 2016), that its decision in ***Miller v. Alabama***, ____ U.S. ____, 132 S.Ct. 2455 (2012), applies retroactively.  ***Miller***, which was issued on June 25, 2012,

_____

[*] Retired Senior Judge assigned to the Superior Court.

held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was a juvenile.

Shortly after **Montgomery's** issuance, this Court entered a published opinion in **Commonwealth v. Secreti**, -- A.3d --, 2016 WL 513341 (Pa.Super., 2/9/16). There, Secreti was sentenced to automatic life imprisonment without possibility of parole for committing first degree murder as a juvenile. On August 15, 2012, Secreti filed a timely PCRA petition seeking relief under **Miller**. On February 9, 2016, following **Montgomery**, this Court held that (1) **Miller** applied retroactively to Secreti's sentence under the PCRA's retroactivity provision, 42 Pa.C.S. § 9545(b)(1)(iii); (2) Secreti's sentence was unconstitutional under **Miller**, and (3) Secreti was entitled to a new sentencing hearing.

The present case, however, is distinguishable from **Secreti**. In 1982, Button was convicted of two counts of first degree murder and sentenced to life imprisonment without the possibility of parole. Subsequently, Button filed three unsuccessful PCRA petitions. On December 11, 2011, he filed the third of these petitions, which the PCRA court dismissed as untimely on February 28, 2012. He filed a timely appeal, and this Court affirmed on February 4, 2013 at 662 MDA 2012.

On July 19, 2012, while Button's appeal at 662 MDA 2012 was pending in this Court, he filed a fourth PCRA petition in the court of common pleas

- 2 -

seeking relief under *Miller*. On August 6, 2012, he moved for leave to supplement this fourth petition. On October 6, 2014, the PCRA court dismissed this petition. On October 14, 2014, Button filed a timely appeal at 1973 MDA 2014.

At the time of his fourth PCRA petition, the subject of this appeal, Button's appeal from the denial of his third PCRA petition was pending in this Court at 662 MDA 2012. The appeal at 662 MDA 2012 remained undecided until February 4, 2013. As a result, the court of common pleas lacked jurisdiction over Button's fourth PCRA petition, which in turn deprives us of jurisdiction over Button's present appeal. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa.2000) (when defendant's appeal from decision on PCRA petition is pending before appellate court, subsequent PCRA petition cannot be filed until resolution of review of pending PCRA petition by highest state court in which review is sought, or upon expiration of time for seeking such review).

Thus, we quash the present appeal. We note, however, that under 42 Pa.C.S. § 9545(b)(2), Button has sixty days from the date of this order to file a new PCRA petition in the court of common pleas seeking relief under *Miller*. Section 9545(b)(2) provides that "[a]ny petition invoking an exception provided in paragraph (1) [(regarding the exceptions to the PCRA timing requirements)] shall be filed within 60 days of the date the claim could have been presented." Because Button cannot properly file a new

PCRA petition until this Court relinquishes jurisdiction of his present petition, section 9545(b)(2) provides him with sixty days from this date in which to file his new petition.

Appeal quashed. Petition to remand to Tioga County dismissed as moot.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/8/2016