J-S96037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VERNON EARL MCGINNIS | |
| Appellant | No. 979 WDA 2016 |

Appeal from the PCRA Order Dated June 8, 2016
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000547-1996

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

JUDGMENT ORDER BY SOLANO, J.:              **FILED MARCH 14, 2017**

Pro se Appellant, Vernon Earl McGinnis, appeals from the order dismissing his ninth Post Conviction Relief Act ("PCRA")[1] petition as untimely.  Appellant contends that although he was eighteen-years old when he committed, among other crimes, first-degree murder, he is entitled to relief under **Miller v. Alabama**, 132 S. Ct. 2455 (June 25, 2012), and **Montgomery v. Louisiana**, 136 S. Ct. 718 (Jan. 25, 2016).  We quash.

We need not set forth the facts and lengthy procedural history. Of note, however, is that this Court dismissed Appellant's eighth PCRA petition on January 29, 2016. **Commonwealth v. McGinnis**, 782 WDA 2015 (Pa. Super., Jan. 29, 2016). On February 11, 2016, this Court docketed Appellant's pro se petition for reargument.  This Court had not yet ruled on

---

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant's reargument petition when, on March 22, 2016, the PCRA court docketed *pro se* Appellant's ninth PCRA petition. With respect to Appellant's eighth petition, this Court denied Appellant's reargument petition on April 8, 2016. Appellant filed a *pro se* petition for allowance of appeal on May 6, 2016, which our Supreme Court denied on October 13, 2016.

Meanwhile, the PCRA court was addressing Appellant's ninth PCRA petition. On May 12, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice, and the court docketed Appellant's opposition to the notice on May 31, 2016. On June 8, 2016, the PCRA court dismissed Appellant's ninth PCRA petition as untimely, and Appellant timely appealed.

As a prefatory matter, we recognize our Supreme Court's holding that a subsequent PCRA petition cannot be filed until final resolution of the prior petition:

> We now hold that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented."

***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) (footnote and citation omitted).

Instantly, Appellant, on February 11, 2016, filed a petition for reargument with this Court from our order affirming the dismissal of his eighth PCRA petition. Before this Court resolved Appellant's reargument petition (on April 8, 2016), Appellant decided to file his ninth PCRA petition, which the PCRA court docketed on March 22, 2016. Under *Lark*, the PCRA court should not have accepted Appellant's ninth PCRA petition for filing during the pendency of Appellant's appeal of his eighth PCRA petition. *See Lark*, 746 A.2d at 588. The PCRA court had no jurisdiction to adjudicate Appellant's ninth PCRA petition until the appellate courts finally disposed of Appellant's appeal regarding his eighth petition. *See id.* Because our Supreme Court did not deny Appellant's petition for allowance of appeal regarding his eighth PCRA petition until October 13, 2016 — several months after Appellant appealed from the dismissal of his ninth PCRA petition to this Court — we vacate the order below and quash.[2]

Order vacated. Appeal quashed.

_____

[2] We observe that Appellant does not qualify for application of *Miller* because he was not a juvenile when he committed the murder; rather, he was eighteen-years old. *See Miller*, 132 S. Ct. at 2460 (holding only that mandatory life-without-parole sentences for individuals **under** eighteen at the time of their crimes are unconstitutional).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/14/2017