J-S06022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRUCE MURRAY | : | |
| | : | No. 2061 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order Entered June 6, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1111091-1982

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:　　　　　　　　**FILED MARCH 26, 2018**

Appellant Bruce Murray, *pro se*, appeals from the June 6, 2017 order entered in the Court of Common Pleas of Philadelphia County ("PCRA court"), which dismissed his premature request for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

The procedural history of this case is as follows. On June 24, 1983, a jury convicted Murray of second-degree murder, robbery, criminal conspiracy, and possessing an instrument of crime.[1] He was sentenced to life imprisonment for second-degree murder, a consecutive term of one to two years' imprisonment for conspiracy, and a concurrent term of one to two years imprisonment for possessing an instrument of crime. Murray filed a timely notice of appeal and this Court affirmed his judgment of sentence on

_____

[1] 18 Pa.C.S.A. §§ 2502(b), 3701, 903, and 907 respectively.

November 1, 1985. **Commonwealth v. Murray**, 505 A.2d 1035 (Pa.Super. 1985). He then filed an untimely petition for allowance of appeal to the Pennsylvania Supreme Court on December 5, 1985. The Pennsylvania Supreme Court denied the untimely petition on November 26, 1986. **Commonwealth v. Murray**, No. 1872 E.D. Allocatur Docket 1985.

On December 30, 1986, Murray filed his first *pro se* PCHA petition and counsel was appointed. On November 30, 1995, the petition was denied. On November 13, 1996, this Court affirmed the denial of relief except to the judgment of sentence imposed for possession of an instrument of crime, which we concluded was illegal and therefore vacated. **Commonwealth v. Murray**, 688 A.2d 1229 (Pa.Super. 1996) (unpublished memorandum), *appeal denied*, 704 A.2d 636 (Pa. 1997). He then filed a series of petitions for post-conviction relief, all of which were dismissed as untimely.[2]

On April 10, 2015, Murray filed his fourth petition for post-conviction relief. The PCRA court dismissed the petition as untimely on February 3, 2016 and Murray appealed. While that appeal was pending in this Court, Murray filed his fifth petition. The PCRA court dismissed his fifth petition as premature. While the appeal from the dismissal of his fourth petition was still pending in this Court, Murray filed his sixth petition on April 28, 2017. On June 6, 2017,

---

[2] **Commonwealth v. Murray**, 972 A.2d 588 (Pa.Super. 1996); **Commonwealth v. Murray**, *appeal denied*, 980 A.2d 607 (Pa. 2009); **Commonwealth v. Murray**, 105 A.3d 38 (Pa.Super. 2014); **Commonwealth v. Murray**, *appeal denied*, 105 A.3d 736 (Pa. 2014).

the PCRA court dismissed the petition as premature and the instant appeal followed.

On appeal, Murray presents four issues for our review:

I.     Whether the rules of the court are being followed in the processing of *pro se* litigate filing by the prothonotary/clerk of courts?

II.    Whether rule of appellate procedure 108(b) civil order, the date of entry of an order in a matter subject the Pennsylvania Rule of Civil Procedure shall be the day on which the clerk makes the notation in the docket Pa. R. Civ. P. 236(b), has any bearing on this matter?

III.   Plaintiff, has a due process right under both Federal and Pennsylvania Constitution and his right under the Pennsylvania Constitution to have Judges adjudicating his case not violate any Cannon of Legal or Judicial ethics prescribed by the Supreme Court Art. V. Sec. 17 true?

IV.    Are the lower courts intentionally clogging the Superior Courts and mislabeling petitions to dismiss?

Appellant's Brief at 6.

We do not reach Murray's issues on appeal because his sixth petition was not properly before the lower court. When an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). Murray admits he filed the subject PCRA petition while the appeal was pending. Appellant's Brief at 9. The dismissal of his fourth petition was affirmed by this Court on January 17, 2018. **Commonwealth v. Murray**, No. 588 EDA 2016

- 3 -

(Pa.Super. filed Jan. 17, 2018). As such, Murray was barred from filing a subsequent PCRA petition until the resolution of the pending appeal. Thus the trial court properly dismissed his sixth petition as premature.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/26/18