J-S40035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY WELBORNE | : | |
| | : | |
| Appellant | : | No. 3808 EDA 2017 |

Appeal from the PCRA Order November 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1100541-2004

BEFORE:   LAZARUS, J., DUBOW, J., and PLATT*, J.

MEMORANDUM BY LAZARUS, J.:                      **FILED JULY 25, 2018**

Ricky Welborne appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his fourth petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA").  After our review, we affirm.

On July 26, 2006, a jury convicted Welborne of first-degree murder and possession of an instrument of crime (PIC). The trial court sentenced Welborne to a mandatory term of life imprisonment on the murder conviction plus a concurrent term of 9 to 60 months on the PIC conviction.  On appeal, this Court affirmed the judgment of sentence. ***See Commonwealth v. Welborne***, 943 A.2d 325 (Pa. Super. 2007) (unpublished memorandum). Our Supreme Court denied Welborne's petition for allowance of appeal. ***See Commonwealth v. Welborne***, 946 A.2d 688 (Pa. 2008).

_____
*   Retired Senior Judge assigned to the Superior Court.

Welborne filed a timely *pro se* PCRA petition on November 17, 2008. The PCRA court appointed counsel, who filed an amended petition alleging ineffective assistance of trial counsel. The court dismissed the petition on September 3, 2010; on March 7, 2012, this Court affirmed. **See Commonwealth v. Welborne**, 47 A.3d 1236 (Pa. Super. 2012).

On June 11, 2012, several years after Welborne's judgment of sentence became final, he filed a second PCRA petition. On October 3, 2014, the PCRA court dismissed the petition as untimely. Welborne filed a notice of appeal on October 22, 2014, and by order dated October 27, 2014, the PCRA court directed him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.1925(b). Welborne failed to file his Rule 1925(b) statement, and the PCRA issued a Rule 1925(a) opinion finding Welborne's claims waived. This Court agreed, and we affirmed the PCRA court's order. **See Commonwealth v. Welborne**, 3039 EDA 2014 (Pa. Super. filed March 4, 2016) (unpublished memorandum).[1] However, while the appeal was pending, Welborne filed a third petition. On June 24, 2015, the PCRA court dismissed that petition as premature in light of the fact that Welborne's appeal of the denial of his second petition was pending before this Court. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) ("[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition

---

[1] This Court noted that even if Welborne had filed a timely Rule 1925(b) statement, he would not have been entitled to relief as his petition was untimely and he failed to allege and prove any of the exceptions to the time bar set forth in section 9525(b)(l)(i)-(iii).

cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought or upon the expiration of time for seeking such review."). In its June 24, 2015 order, the PCRA court instructed Welborne that he must raise his newly-discovered evidence claim *within sixty days* of "the date of the order which finally resolves the [second] PCRA petition, because this is the 'first date the claim could have been presented.'" Order, 6/24/15, quoting **Lark**, 746 A.2d at 588, *citing* 42 Pa.C.S. § 9545(b)(2).

As noted, this Court affirmed the PCRA court's order denying Welborne's second PCRA petition on March 4, 2016, and Welborne did not file a petition for permission to appeal with the Supreme Court. Welborne did not file his petition within 60 days of the March 4, 2016 order, or within 60 days after the time for filing a petition for permission to appeal. Instead, Welborne filed the instant petition on June 22, 2017, over one year later.

In this petition, his fourth, Welborne argues he is entitled to PCRA relief based on newly-discovered evidence, specifically the December 3, 2014 affidavit of Devin Sheppard, who would offer testimony that he was present at the scene of the shooting and that Welborne was not the shooter. We agree, however, with the Honorable M. Teresa Sarmina, that Welborne failed to exercise due diligence and, therefore, he has failed to invoke the newly-discovered evidence exception to the statutory time bar. **See** 42 Pa.C.S. § 9545(b)(2) (any petition invoking exception under section 9545(b)(1) must be filed within sixty days of date that claim could have been presented).

Accordingly, we affirm the PCRA court's order dismissing Welborne's PCRA petition.

Oder affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/18