J-S34039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEONTAE ALLEN MCDOWELL | : | |
| | : | |
| Appellant | : | No. 82 WDA 2018 |

Appeal from the Order Entered December 5, 2017
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0000870-2015,
CP-04-CR-0000874-2015

BEFORE:   BOWES, J., STABILE, J., and STRASSBURGER*, J.

CONCURRING STATEMENT BY BOWES, J.:  FILED: August 29, 2018

I concur.   However, I would not order the PCRA court to "dismiss Appellant's PCRA petition as premature."  Majority memorandum at 6.  I agree that, pursuant to **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000), the PCRA court lacked jurisdiction to address this PCRA petition, and therefore its order dismissing the petition on its merits was erroneous.

Simultaneously, it does not appear that our precedents have addressed whether PCRA courts **must** do so.   In my view, PCRA courts retain the discretion to hold a petition subject to the **Lark** holding in abeyance, ensuring that the PCRA petition will be considered filed within sixty days of when a prior appeal is resolved.  *Pro se* petitioners often file serial petitions in violation of **Lark** due to an understandable desire to prevent a later finding that the petition should have been filed at an earlier time, especially in cases involving

_____
*   Retired Senior Judge assigned to the Superior Court.

newly-discovered facts. PCRA courts may well wish to manage their dockets in a way that gives the benefit of the doubt by holding such petitions in abeyance until prior appeals have terminated. In the absence of binding precedent to the contrary, I do not believe that the PCRA court is required to dismiss the petition. I therefore concur.