J-S34019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVON RENEE HAYES | |
| Appellant | No. 1617 WDA 2017 |

Appeal from the PCRA Order October 2, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001018-2004
CP-02-CR-0014894-2003

BEFORE:  BOWES, J., STABILE, J., and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.

**FILED OCTOBER 25, 2018**

I concur with my learned colleagues in affirming the PCRA court's order dismissing Appellant's motion.  I agree with my learned colleague Judge Stabile that Appellant has 60 days from the September 5, 2018 denial of his petition for allowance of appeal of his third PCRA petition to file a subsequent PCRA petition asserting his after-discovered evidence claim.  I further agree with my learned colleague Judge Bowes that the PCRA court properly construed Appellant's motion as a PCRA petition (his fourth), and that the PCRA court erred when it addressed the merits of his after-discovered evidence claim without first considering whether it had jurisdiction over said motion.  Pursuant to **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000), the

_____

* Retired Senior Judge assigned to the Superior Court.

PCRA court, in construing Appellant's motion as a PCRA petition, was precluded from addressing it while his third PCRA petition was pending on appeal.

I write separately to express my view that Appellant's filing was a premature filing which I believe may be cured once the impediment to filing has been removed. The PCRA court dismissed Appellant's motion, which it construed as a PCRA petition, as *untimely*; it should have dismissed it as *premature*. Appellant alleges herein the newly discovered facts exception to the PCRA timebar. If Appellant chooses to pursue this claim now that his prior third petition has been resolved, his subsequent petition must be filed "within sixty days of the date of the order which finally resolves the *previous* PCRA petition, because this is the first 'date the claim could have been presented.'" ***Lark****,* 746 A.2d at 588 (citing 42 Pa.C.S. § 9545(b)(2)) (emphasis added).

In my view, a speedy and cost-effective determination here requires that once Appellant's premature, fourth PCRA petition was filed, in violation of ***Lark***, Appellant's 60 day clock began to run when his previous, third PCRA petition, was finally resolved, **not** when the instant appeal is finally resolved. To hold otherwise, in my view, would result in significant, potentially endless, delay instead of permitting Appellant to cure his petition's defect once the impediment to its filing is removed.

Now that Appellant's third PCRA petition is, as of September 5, 2018, finally resolved, there is no impediment to Appellant's filing a subsequent PCRA petition asserting his after-discovered evidence claim. Because

Appellant's motion (which I construe as his fourth PCRA petition) was premature under *Lark*, and because the defect (the still pending third PCRA petition) precipitating the PCRA court's dismissal of his fourth PCRA petition is now cured, I construe *Lark* to find that Appellant, under this sequence of events, has 60 days from our Supreme Court's denial of his petition for allowance of appeal, *i.e.*, 60 days from September 5, 2018, to file a subsequent PCRA petition asserting his after-discovered evidence claim. I therefore respectfully disagree with my learned colleague Judge Bowes that *Lark* should be construed as requiring Appellant to wait until the conclusion of the pendency of the instant appeal before he may file his subsequent PCRA petition asserting his after-discovered evidence claim.

Accordingly, I concur in affirming the order, allowing Appellant a 60-day window from the denial of his petition for allowance of appeal in connection to his third PCRA petition to file a subsequent PCRA petition asserting his after-discovered evidence claim, and denying as moot Appellant's application for status of appeal.

Judge Stabile joins this Concurring Memorandum.