J-S26027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HENRY CHARLES AGNEW | : | |
| | : | |
| Appellant | : | No. 1662 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 28, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000586-2016

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 17, 2020**

Henry Charles Agnew appeals the judgment of sentence entered following his conviction for multiple crimes related to drug trafficking.[1] Agnew argues the court erred in sustaining the Commonwealth's objection when Agnew attempted to question the Commonwealth's witness regarding the confidential informant's cause of death. We affirm based on the trial court opinion.

Agnew's charges concerned three controlled purchases of cocaine in 2015 by a confidential informant ("CI") working with Blair County's Drug Task Force. At Agnew's jury trial, the Commonwealth presented the testimony of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] A jury convicted Agnew of three counts each of delivery of a controlled substance, possession of a controlled substance, and criminal use of a communication facility. **See** 35 P.S. §§ 780-113(a)(30) and (a)(16), and 18 Pa.C.S.A. § 7512(a), respectively.

Sergeant Christopher Moser, who heads the Narcotics and Vice Unit for the City of Altoona, is on the Drug Task Force, and who testified as an expert in drug investigations; Corporal Mathew Plummer; and Patrol Manager Andrew Crist. The law enforcement officers testified about meeting with the CI before and after each controlled purchase, and through their testimony, the Commonwealth introduced surveillance photographs of the controlled purchases and text messages between Agnew and the CI.

Sergeant Moser testified that the CI was not available for Agnew's trial because he had died. Agnew's counsel asked Sergeant Moser how the CI had died. The Commonwealth objected based on relevance. Following a sidebar discussion, the court sustained the objection.

The jury found Agnew guilty. The court sentenced him to serve an aggregate of 33 to 66 months' incarceration. Agnew appealed.[2,3]

---

[2] The appeal met with much delay. We dismissed Agnew's first attempt at an appeal in February 2018, after his counsel failed to file a brief. Agnew filed a timely Post Conviction Relief Act ("PCRA") petition, and in June 2019, the PCRA court reinstated Agnew's direct appeal rights, appointed counsel, and gave Agnew 30 days in which to file a new notice of appeal. Counsel filed the notice of appeal after the 30-day deadline, and we quashed the appeal as untimely in August 2019. The PCRA court reinstated Agnew's direct appeal rights again in October 2019, and Agnew thereafter filed the instant timely appeal.

[3] After filing the instant notice of appeal, Agnew filed a PCRA petition under both the above docket number and another docket number. **See** PCRA Pet., 11/4/19. The PCRA court has acknowledged that the petition should be dismissed, insofar as it relates to the instant docket number, as it was filed while the case was on appeal. **See** Order, 3/5/20, at 2 (citing **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000)). As these issues are not properly before us, we decline to comment further.

Agnew raises one issue: "Whether the Trial Court erred in not permitting the confidential informant's reason for his unavailability at trial and not allowing [Agnew] to explore the reasons for [the CI's] death at trial?" Agnew's Br. at 4.[4]

Agnew argues that the CI committed suicide, and that he should have been able to question the Commonwealth on the cause of the CI's death, because the CI's credibility was an issue for the jury. According to Agnew, the CI had performed a substantial number of controlled purchases, and "the jury could have determined the [CI] committing suicide was due to a guilty conscience from his work with the Blair County Drug Task Force making controlled purchases[.]" *Id.* at 12. Agnew argues that because the Commonwealth's case was based on circumstantial evidence, the exclusion of the evidence of the CI's suicide was an abuse of discretion and reversible error.

We review a trial court's ruling on the admission of evidence for an abuse of discretion. *Commonwealth v. Caulk*, 220 A.3d 1102, 1108 (Pa.Super. 2019) (citing *Commonwealth v. Kane*, 188 A.3d 1217, 1229 (Pa.Super. 2018)). Evidence is generally admissible if it is relevant, meaning that it is

---

[4] Agnew also devotes several pages of his brief to arguing the court erred in allowing the Commonwealth to admit the text messages into evidence. Agnew contends the text messages were not properly authenticated and contained inadmissible hearsay. However, Agnew did not include this issue in his Questions Presented, and, more importantly, did not include this issue in his Rule 1925(b) statement of errors complained of on appeal. The issue is therefore waived, and we decline to address it. *See* Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 2116(a).

probative of a material issue, and if the probative value is not outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403; *see also* Pa.R.E. 401, 402.

In its opinion, the trial court explained that due to the nature of the Commonwealth's evidence – including officer testimony, photographic evidence, and text messages – "this case was tried without the [CI's] credibility coming into question in any significant respect." Trial Court Opinion, filed 11/16/17, at 3. The court also explained that details regarding the CI's death, which took place six months after the controlled buys that formed the facts of the case, "lacked both/either relevancy and probative value to the jury's evaluation of this CI's involvement." *Id.* The court found the testimony would leave "the jury to improperly guess/speculate/blame without any foundation as to what the fact of [the CI's] death by suicide meant to their determination." *Id.*

We agree with the trial court's analysis. The CI's credibility was not at issue in the case, and, moreover, Agnew has not offered any reason why the suicide would be probative of the CI's credibility, rather than the source of unhelpful speculation. We find no abuse of discretion, and therefore affirm on the basis of the opinion by the Honorable Hiram A. Carpenter III, which we adopt and incorporate herein. *See* Tr. Ct. Op. at 1-4; *see also Caulk*, 220 A.3d at 1109 (holding trial court did not abuse discretion by allowing testimony that a CI had died, but excluding testimony that CI had been shot to death,

because the CI's unexplained absence at trial may have been prejudicial to the Commonwealth, but the details of the death may have caused the jury to speculate that the defendant shot the CI, confused the jury, and "transform[ed the defendant's] drug-trafficking trial into a mini-trial about [the CI's] demise").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2020