J-S26027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HENRY CHARLES AGNEW | : | |
| | : | |
| Appellant | : | No. 1662 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 28, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000586-2016

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 17, 2020**

Henry Charles Agnew appeals the judgment of sentence entered following his conviction for multiple crimes related to drug trafficking.[1] Agnew argues the court erred in sustaining the Commonwealth's objection when Agnew attempted to question the Commonwealth's witness regarding the confidential informant's cause of death. We affirm based on the trial court opinion.

Agnew's charges concerned three controlled purchases of cocaine in 2015 by a confidential informant ("CI") working with Blair County's Drug Task Force. At Agnew's jury trial, the Commonwealth presented the testimony of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] A jury convicted Agnew of three counts each of delivery of a controlled substance, possession of a controlled substance, and criminal use of a communication facility. **See** 35 P.S. §§ 780-113(a)(30) and (a)(16), and 18 Pa.C.S.A. § 7512(a), respectively.

Sergeant Christopher Moser, who heads the Narcotics and Vice Unit for the City of Altoona, is on the Drug Task Force, and who testified as an expert in drug investigations; Corporal Mathew Plummer; and Patrol Manager Andrew Crist. The law enforcement officers testified about meeting with the CI before and after each controlled purchase, and through their testimony, the Commonwealth introduced surveillance photographs of the controlled purchases and text messages between Agnew and the CI.

Sergeant Moser testified that the CI was not available for Agnew's trial because he had died. Agnew's counsel asked Sergeant Moser how the CI had died. The Commonwealth objected based on relevance. Following a sidebar discussion, the court sustained the objection.

The jury found Agnew guilty. The court sentenced him to serve an aggregate of 33 to 66 months' incarceration. Agnew appealed.[2,3]

---

[2] The appeal met with much delay. We dismissed Agnew's first attempt at an appeal in February 2018, after his counsel failed to file a brief. Agnew filed a timely Post Conviction Relief Act ("PCRA") petition, and in June 2019, the PCRA court reinstated Agnew's direct appeal rights, appointed counsel, and gave Agnew 30 days in which to file a new notice of appeal. Counsel filed the notice of appeal after the 30-day deadline, and we quashed the appeal as untimely in August 2019. The PCRA court reinstated Agnew's direct appeal rights again in October 2019, and Agnew thereafter filed the instant timely appeal.

[3] After filing the instant notice of appeal, Agnew filed a PCRA petition under both the above docket number and another docket number. **See** PCRA Pet., 11/4/19. The PCRA court has acknowledged that the petition should be dismissed, insofar as it relates to the instant docket number, as it was filed while the case was on appeal. **See** Order, 3/5/20, at 2 (citing **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000)). As these issues are not properly before us, we decline to comment further.

Agnew raises one issue: "Whether the Trial Court erred in not permitting the confidential informant's reason for his unavailability at trial and not allowing [Agnew] to explore the reasons for [the CI's] death at trial?" Agnew's Br. at 4.[4]

Agnew argues that the CI committed suicide, and that he should have been able to question the Commonwealth on the cause of the CI's death, because the CI's credibility was an issue for the jury. According to Agnew, the CI had performed a substantial number of controlled purchases, and "the jury could have determined the [CI] committing suicide was due to a guilty conscience from his work with the Blair County Drug Task Force making controlled purchases[.]" *Id.* at 12. Agnew argues that because the Commonwealth's case was based on circumstantial evidence, the exclusion of the evidence of the CI's suicide was an abuse of discretion and reversible error.

We review a trial court's ruling on the admission of evidence for an abuse of discretion. *Commonwealth v. Caulk*, 220 A.3d 1102, 1108 (Pa.Super. 2019) (citing *Commonwealth v. Kane*, 188 A.3d 1217, 1229 (Pa.Super. 2018)). Evidence is generally admissible if it is relevant, meaning that it is

---

[4] Agnew also devotes several pages of his brief to arguing the court erred in allowing the Commonwealth to admit the text messages into evidence. Agnew contends the text messages were not properly authenticated and contained inadmissible hearsay. However, Agnew did not include this issue in his Questions Presented, and, more importantly, did not include this issue in his Rule 1925(b) statement of errors complained of on appeal. The issue is therefore waived, and we decline to address it. *See* Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 2116(a).

probative of a material issue, and if the probative value is not outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403; **see also** Pa.R.E. 401, 402.

In its opinion, the trial court explained that due to the nature of the Commonwealth's evidence – including officer testimony, photographic evidence, and text messages – "this case was tried without the [CI's] credibility coming into question in any significant respect." Trial Court Opinion, filed 11/16/17, at 3. The court also explained that details regarding the CI's death, which took place six months after the controlled buys that formed the facts of the case, "lacked both/either relevancy and probative value to the jury's evaluation of this CI's involvement." **Id.** The court found the testimony would leave "the jury to improperly guess/speculate/blame without any foundation as to what the fact of [the CI's] death by suicide meant to their determination." **Id.**

We agree with the trial court's analysis. The CI's credibility was not at issue in the case, and, moreover, Agnew has not offered any reason why the suicide would be probative of the CI's credibility, rather than the source of unhelpful speculation. We find no abuse of discretion, and therefore affirm on the basis of the opinion by the Honorable Hiram A. Carpenter III, which we adopt and incorporate herein. **See** Tr. Ct. Op. at 1-4; **see also Caulk**, 220 A.3d at 1109 (holding trial court did not abuse discretion by allowing testimony that a CI had died, but excluding testimony that CI had been shot to death,

- 4 -

because the CI's unexplained absence at trial may have been prejudicial to the Commonwealth, but the details of the death may have caused the jury to speculate that the defendant shot the CI, confused the jury, and "transform[ed the defendant's] drug-trafficking trial into a mini-trial about [the CI's] demise").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2020

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,     :
                 CAROL A. NEWMAN    :

         VS.               2017 NOV 16 P 1: 22 : CR 586-2016
                                            :

HENRY CHARES AGNEW,       PROTHONOTARY    :
             DEFENDANT CLERK OF COURTS
                   CLERK OF COMMON PLEAS COURT :

| | |
|---|---|
| HONORABLE HIRAM A. CARPENTER, III | SENIOR JUDGE |
| DAVID C. GORMAN, ESQUIRE | SR. DEPUTY ATTY GENERAL |
| ROBERT S. DONALDSON, ESQUIRE | COUNSEL FOR DEFENDANT |

## OPINION AND ORDER

This matter is presently before the Court after a trial by jury before the undersigned concluding on Friday, August 19, 2016. At trial, the jury convicted this Defendant of nine counts involving charges of possession of cocaine, possession to deliver cocaine, and criminal use of a communication facility. The convictions were based on four controlled buys which occurred on July 20, 2015; July 23, 2015; July 31, 2015; and September 23, 2015.

The case is now before us for determination of a subsequent appeal by the Defendant to the Superior Court where the matter is presently pending. The Court received on September 21, 2017 a Concise Statement of Matters Complained of on Appeal pursuant to Rule 1925(b) which filing raised a single issue for our consideration - specifically, whether the fact of the manner of the death of the confidential informant (Chad

1

#31

Barr) by suicide which occurred on or about February 19, 2016 should have been disclosed to the jury. The defense first raised the issue of the disclosure of the confidential informant's death by suicide after most of the evidence at trial had been developed for the jury. (See trial transcript at pgs. 178-185 for the defense's first request on the record that this disclosure take place). As that sidebar discussion reflects, Senior Deputy Attorney General David Gorman immediately questioned the relevancy of such a disclosure. As the record also reflects, the defense presented nothing but a general assertion in that regard. This is consistent with the Defendant's 1925(b) filing which also lacks any specific assertion as to how this evidence could be relevant or probative.

At the time of our ruling, we had heard most of the evidence in the case. Because the confidential informant was deceased prior to (or about at the time) of the filing of these charges, the evidence the jury heard necessarily consisted of the testimony of the officers who were present at the scene; the testimony of the officers relating to the strip searches conducted of the confidential informant prior to and after the buys; the prior knowledge of the officers of the Defendant for purposes of identifying him at the scene of the buys consistent with the photographic evidence; and the text messages between the confidential informant and the Defendant arranging the

2

location and times of the buys. Of course, the Defendant's actual appearance at buys which he had arranged as to time and location lent support to the veracity of the text messages. Because of the nature of the evidence which the jury actually heard, this case was tried without the confidential informant's credibility coming into question in any significant respect. Because of that fundamental truth, we agreed with the Commonwealth that the proffered evidence was irrelevant.

In so holding, we acknowledge the trial of a defendant involved in a controlled buy (or series of buys) without the testimony of the confidential informant is an awkward endeavor. However, as reflected in the record, the Commonwealth was uniquely able to present this case "without" the confidential informant. Because the case was presented in this manner, admission of the details of this confidential informant's death lacked both/either relevancy and probative value to the jury's evaluation of this confidential informant's involvement in these buys which occurred six months previous to his suicide. Indeed, had we admitted this evidence, this disclosure would have been simply "out there" leaving the jury to improperly guess/speculate/blame without any foundation as to what the fact of his death by suicide meant to their determination.

Finally, even if this disclosure was relevant (which it was not), Rule 403 of the Pennsylvania Rules of Evidence is instructive in discussing the negative characteristics of

3

"certain" evidence. In this case, the confidential informant's suicide was both remote (six months after these buys) and incapable of explanation by any witness as to what it had to do with the buys. As such, this disclosure uniquely possessed an undue tendency or risk of suggesting a decision on an improper (possibly even inflammatory) basis. For all these reasons, the requested disclosure was properly excluded as irrelevant, lacking probative value, and potentially prejudicial.

BY THE COURT:

Honorable Hiram A. Carpenter, III
Senior Judge

FILED: November 14, 2017

ajh

4