J-A25019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIE M. BROWN | : | |
| | : | |
| Appellant | : | No. 17 WDA 2022 |

Appeal from the PCRA Order Entered December 15, 2021
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0000913-2001

BEFORE: KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

CONCURRING AND DISSENTING MEMORANDUM BY KUNSELMAN, J.:

**FILED: March 15, 2023**

I agree with the Majority that this case should be remanded so that the PCRA court may consider whether Brown established the newly discovered fact exception the PCRA's time bar with regard to the statements from Hines and Taylor. Unlike the Majority, however, I conclude that a reading of Brown's 2021 petition sufficiently establishes when Brown discovered the information regarding Dorsett's plea deal and that he acted with due diligence in raising this claim in his 2021 petition. Thus, I dissent from the Majority's dismissal of this claim and, upon remand, would direct the PCRA court to determine whether Brown can establish the newly discovered fact exception as to Dorsett's plea deal as well as the statements from Hines and Taylor.

My conclusion is supported by a detailed review of Brown's 2021 petition. Following our prior remand, the PCRA court denied Brown's third PCRA petition on September 21, 2018.[1] Brown appealed this decision on October 5, 2018. Brown asserts that on November 2, 2018, while this appeal was pending, PCRA counsel acquired additional newly discovered facts. Brown's 2021 petition further alleged:

> 116. Specifically, an individual named Travon Dawkins was transferred to SCI-Forest where [Brown] was incarcerated.
>
> 117. Mr. Dawkins is from the Aliquippa area and was incarcerated for a homicide.
>
> 118. Dawkins, who knew [Brown's] younger brother, had just recently been transferred to SCI-Forest from federal prison, and informed [Brown] that as part of his criminal case in Beaver County, he had received in discovery, a statement made by Anthony "Ali" Dorsett, as part of Dorsett's federal plea deal in 2009, which required Dorsett to provide truthful information concerning homicides in Aliquippa. *See* Exhibit 5.
>
> ***
>
> 120. As part of the plea deal requiring Dorsett to provide truthful information concerning a variety of homicides in the Aliquippa region, Dorsett informed the federal and state authorities that Anthony Tusweet Smith confessed to him killing Officer Naim. *See* Exhibit 5.
>
> 121. [PCRA counsel] met with Dawkins at SCI-Forest and Dawkins also wrote to [PCRA counsel] and authorized [PCRA counsel] to have access to his discovery.

---

[1] Brown mistakenly lists this date as September 21, 2019. *See* PCRA Petition, 1/4/21, at 20, ¶ 112.

122.   Almost immediately, on November 2, 2018, counsel obtained the aforementioned discovery in Dawkins' case, including the federal plea deal of Dorsett. Exhibit 5.

PCRA Petition, 1/4/21.

PCRA counsel further noted that, because his appeal from the denial of his third PCRA petition was pending, he could not file another post-conviction proceeding until the decision in that matter was completed. *Id.* at ¶ 123 (citing *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000)). This court denied Brown's appeal from the denial of this third PCRA petition on October 2, 2019, and our Supreme Court denied his petition for allowance of appeal on June 10, 2020. Thus, Brown timely filed his fourth PCRA petition raising the Dorsett plea deal as a newly discovered fact in his petition filed on January 4, 2021.[2]

Admittedly, Brown does not provide a precise date when Dawkins told him about Dorsett's plea deal. Nevertheless, it appears from the record that Brown learned this information between the time he appealed the denial of his third petition on September 21, 2018, and November 2, 2018, when PCRA counsel obtained the discovery which included Dorsett's plea deal. Thus, I disagree with the Majority's conclusion that Brown cannot establish the newly discovered facts exception to the time bar on this basis, and would remand

---

[2] I also note that the PCRA court did not dismiss the Dorsett claim based on a finding that Brown did not timely raise it. *See* PCRA Court Opinion, 9/29/21, at 6-11.

for a consideration of this claim, as well as the claims involving Hines and Taylor.