J-S79030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALTON DANIEL BROWN | : | |
| | : | |
| Appellant | : | No. 1118 EDA 2017 |

Appeal from the PCRA Order February 14, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-00000296-1997

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 27, 2018**

Alton Daniel Brown appeals *pro se* from the order entered February 14, 2017, in the Delaware County Court of Common Pleas dismissing his serial petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Brown seeks relief from the judgment of sentence of an aggregate term of 35 to 70 years' imprisonment, imposed on October 30, 1997, following his jury conviction of robbery,[2] aggravated assault,[3] and related charges.  On appeal, Brown contends the PCRA court erred by (1) dismissing his petition based upon its purported lack of jurisdiction, and (2) refusing to recuse itself from the proceedings.  Brown also filed a separate application requesting this

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3701(a)(2).

[3] 18 Pa.C.S. § 2702(a).

Court recuse itself from adjudicating his appeal. For the reasons below, we affirm the order of the PCRA court, and deny Brown's recusal request.

The facts underlying Brown's convictions, and the complicated procedural history that followed, are well-known to the parties, and we need not reiterate them herein. We note only that Brown did not file a direct appeal, but sought post-conviction relief on six prior occasions in the PCRA court. Each time his request for relief was denied, Brown filed an appeal. This Court either affirmed the ruling or dismissed the appeal for a procedural error.[4] On January 30, 2017, Brown filed the instant PCRA petition, his seventh, alleging numerous claims concerning his status as a self-described "political prisoner," claiming he is serving an illegal sentence, and asserting all governmental officials involved in his case obstructed his attempt to obtain a direct appeal from his judgment of sentence. *See* Petition for Writ of Habeas Corpus and/or Post-Conviction Collateral Relief, 1/30/2017. The same day, Brown also filed a motion seeking recusal of the trial court, and reassignment of his case to "an impartial tribunal, perferably (sic) in a jurisdiction located in the States of

---

[4] *See Commonwealth v. Brown*, 938 EDA 99 (Pa. Super. Sept. 14, 1999) (dismissed for failure to file brief); *Commonwealth v. Brown*, 839 A.2d 1149 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 875 A.2d 1072 (Pa. 2004); *Commonwealth v. Brown*, 928 A.2d 1119 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 934 A.2d 1275 (Pa. 2007); *Commonwealth v. Brown*, 68 A.3d 364 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 75 A.3d 1280 (Pa. 2013); *Commonwealth v. Brown*, 2058 EDA 2015 (Pa. Super. Aug. 5, 2016) (dismissed for failure to file brief); *Commonwealth v. Brown*, 3015 EDA 2016 (Pa. Super. Jan. 30, 2017) (dismissed for failure to file docketing statement).

New York, New Jersey, or Ohio[.]" Motion for Recusal, 1/30/2017, at 1. On February 14, 2017, the PCRA court entered two orders: (1) denying Brown's PCRA petition for lack of jurisdiction, and (2) denying Brown's motion for recusal. *See* Orders, 2/14/2017. This timely appeal followed.[5]

Preliminarily, we note that while Brown addresses the propriety of both orders in his brief,[6] his notice of appeal referenced only the "ORDER of 2/14/2017, denying post-conviction relief." Notice of Appeal, 3/20/2017. Accordingly, the order denying Brown's motion for recusal of the PCRA court is not before us.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." *Id.* at 1284 (citations omitted).[7]

---

[5] The PCRA court did not direct Brown to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[6] *See* Brown's Brief at unnumbered 1-2, 6-7.

[7] We note the PCRA court did not provide Brown with the requisite notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Nevertheless, because Brown has failed to raise this claim of error on appeal, "he waived any defect in notice." *Commonwealth v. Zeigler*, 148 A.3d 849, 852 n.2 (Pa. Super. 2016). Moreover, as we note *infra*, Brown's petition is also

Here, the PCRA court provided a myriad of reasons for dismissing Brown's petition. **See** PCRA Court Opinion, 7/10/2017, at 3-10. First and foremost, however, the court determined it lacked jurisdiction to consider the present petition because, at the time it was filed, an appeal from the denial of Brown's prior petition was still pending in this Court. **See id.** at 3-4. The court opined:

> The Petition that is the subject of this Opinion is a duplicate of a Petition filed by [Brown] on [August 11], 2016.[8] That Petition was denied by this Court and appealed to the Pennyslvania Superior Court. The Superior Court issued an order dismissing the appeal on January 20, 2017. Under Pennsylvania Rule of Appellate Procedure 1113, [Brown] has 30 days from the date of the Superior Court's denial of his Petition to file an appeal to the Supreme Court. Pa.R.A.P. 1113(a). At the time [Brown] filed this duplicate Petition with this Court on January 30, 2017, the Superior Court had not yet remanded the case back to the Court of Common Pleas. As such, this Court lacks the jurisdiction to hear this Petition and denied the Petition for that reason. **See also Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) ("Appellant could not have filed his second PCRA petition in the court of common pleas while his first PCRA petition was still pending before this court. The trial court had no jurisdiction to adjudicate issues directly related to this case; only this court did.").

*Id.* at 3-4 (footnote omitted).

_____

patently untimely, and the "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." **Id.**

[8] The docket reflects Brown filed another PCRA petition on November 21, 2016, which the court denied on November 29, 2016. However, neither the petition, nor the PCRA court's order denying relief, are included in the certified record.

Brown argues the PCRA court erred when it dismissed his petition for lack of jurisdiction because the Superior Court had issued a final order (dismissing the appeal) **before** he filed the instant petition, and he simply chose not to appeal that order. **See** Brown's Brief at unnumbered 4-5. He maintains the fact that the appellate court had not yet remanded the record back to the PCRA court did not affect the PCRA court's jurisdiction. **See id.** at unnumbered 5.

We disagree. In **Lark**, **supra**, the Pennsylvania Supreme Court held:

> [W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, **or upon the expiration of the time for seeking such review**.

**Lark**, **supra**, 746 A.2d at 588 (emphasis supplied). Here, on January 20, 2017, this Court entered an order, at Docket No. 3015 EDA 2016, dismissing Brown's appeal from the August 17, 2016, order of the PCRA court, which denied his serial PCRA petition.[9] When Brown filed his most recent petition on January 30, 2017, the 30-day period for appealing this Court's January 20, 2017, order had not yet expired. Therefore, under **Lark**, the PCRA court had

---

[9] The appeal was dismissed because Brown failed to file a docketing statement as required by Pa.R.A.P. 3517. **See** Docket No. 3015 EDA 2016, Order, 1/20/2017.

no jurisdiction to review the petition. Accordingly, the PCRA court's dismissal of the petition was proper.[10]

Nevertheless, even if we were to find the PCRA court could have reviewed the petition under **Lark**, we would still affirm the order on appeal. Indeed, as the PCRA court noted in its opinion, Brown's petition was manifestly untimely,[11] and Brown failed to prove the applicability of any of the timing exceptions found in 42 Pa.C.S. § 9545(b). **See** PCRA Court Opinion, 7/10/2017, at 4-6. Although Brown attempts to raise the governmental interference exception in his *pro se* petition,[12] his argument focuses on what

_____

[10] We note this Court's recent *en banc* decision in **Commonwealth v. Montgomery**, ___ A.3d ___, 2018 PA Super 54 (Pa. Super. 2018) (*en banc*), does not compel a different result. In that case, our Court carved out an exception to **Lark**, **supra**, and held "**PCRA courts** are not jurisdictionally barred from considering multiple PCRA petitions related to the same judgment of sentence at the same time[.]" **Montgomery**, **supra**, 2018 PA Super 54, at 10 (emphasis supplied). However, the **Montgomery** panel explained that **Lark** still applies in cases such as the one before us, and "precludes consideration of a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible." **Id.** at 8.

[11] A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). Here, Brown's judgment of sentence was final on December 1, 1997. Although the thirtieth day following his sentencing was November 29, 1997, that day fell on a Saturday. Therefore, Brown had until Monday, December 1st to file a timely direct appeal. **See** 1 Pa.C.S. § 1908.

[12] **See** 42 Pa.C.S. § 9545(b)(1)(i) (providing an exception to the one-year filing requirement when the petitioner proves that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States").

he perceives to be a governmental conspiracy to sabotage his right to file a direct appeal. *See* Petition for Writ of Habeas Corpus and/or Post-Conviction Collateral Relief, 1/30/2017, at 7-8. Brown has attempted to resurrect his direct appeal rights since his first PCRA petition filed in 1998. Furthermore, he alleged as early as in his second petition that his failure to file a direct appeal was the result of governmental interference. ***See Brown***, ***supra***, 839 A.2d 1149 (unpublished memorandum at 4) ("Appellant asserts his failure to file a direct appeal was due to either trial counsel's ineffective assistance or governmental interference (in the form of a failure to appoint new counsel), and the PCRA court, therefore, erred in denying his request for a *nunc pro tunc* direct appeal."). Accordingly, even if we were able to review this claim, we would find Brown is unable to satisfy the 60-day requirement for raising a timeliness exception under 42 Pa.C.S. § 9545(b)(2). ***See id.*** ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."). Therefore, Brown is entitled to no relief.

We note, however, that Brown also filed two motions in this Court while his appeal was pending: (1) an application for extension of time to file a reply brief; and (2) an application for recusal of this Court and request for a hearing. Because we agree the PCRA court had no jurisdiction to consider Brown's petition, we deny his application for an extension of time to file a reply brief.

With regard to his recusal motion, we note:

As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make.... In reviewing a denial of a disqualification motion, we recognize that our judges are honorable, fair and competent.

*Commonwealth v. Abu-Jamal*, 553 Pa. 485, 720 A.2d 79, 89 (Pa.) (citations omitted), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1998). "It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." *Id.*

*Commonwealth v. Melvin*, 103 A.3d 1, 23 (Pa. 2014).

Here, the basis for Brown's recusal motion appears to be this Court's consistent denial of relief to him in his prior appeals. *See* Application for Recusal and Request for Hearing on Same, 11/27/2017, at unnumbered 1-2. Brown insists "the tone and facts of this Court's opinions … reflects a deep hatred and animosity for [him], and an intent to discredit him personally and paint him as a frivolous and abusive litigator[.]" *Id.* at 1. Furthermore, he maintains his criminal convictions are the result of a discriminatory justice system. *See id.* However, our review of the prior decisions of this Court adjudicating Brown's appeals reveals no fixed bias or appearance of impartiality. Brown either failed to follow the appellate rules of procedure, or was unable to prove his claims. In either case, the repeated denial of relief

does not provide a basis for recusal. Accordingly, we deny his application before this Court.

Order affirmed. Application for Extension of Time denied. Application for Recusal and Request for Hearing on Same denied.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/18