J-S01008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TRAVIS LAMONT BRYANT, | : | |
| | : | |
| Appellant | : | No. 1257 MDA 2017 |

Appeal from the PCRA Order August 8, 2017
in the Court of Common Pleas of York County,
Criminal Division at No(s): CP-67-CR-0003510-2010

BEFORE: GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 16, 2018**

Travis Lamont Bryant ("Bryant") appeals, *pro se*, from the Order denying his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We reverse and remand for further proceedings.

On April 7, 2011, following a jury trial, Bryant was found guilty of five counts of robbery and one count of criminal conspiracy. The trial court sentenced Bryant to 34 to 68 years in prison.[1] Bryant filed a post-sentence Motion, which the trial court denied. This Court affirmed Bryant's conviction, and the Pennsylvania Supreme Court denied allowance of appeal. **See**

_____

[1] The trial court had initially imposed a sentence of 40 to 80 years in prison, but subsequently amended the sentence to account for the applicability of the mandatory minimum sentence to only one count of robbery in the entire criminal episode.

*Commonwealth v. Bryant*, 64 A.3d 23 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 69 A.3d 599 (Pa. 2013).

Bryant, *pro se*, filed a timely PCRA Petition on November 7, 2013. The PCRA court appointed Bryant counsel, who filed a *Turner/Finley*[2] no-merit letter and a Petition to Withdraw as counsel. On June 3, 2014, the PCRA court filed Notice of its intention to dismiss Bryant's Petition pursuant to Pa.R.Crim.P. 907, and permitted PCRA counsel to withdraw from representation. The PCRA court denied Bryant's first Petition on December 16, 2014. This Court subsequently affirmed the Order denying Bryant's Petition. *See Commonwealth v. Bryant*, 159 A.3d 1002 (Pa. Super. 2016) (unpublished memorandum).

On October 15, 2014, before the PCRA court had entered the Order denying his first Petition, Bryant, *pro se*, filed his second PCRA Petition.

---

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Bryant subsequently filed a Motion to amend his Petition. On July 14, 2017,[3] the PCRA court issued a Rule 907 Notice, indicating its intention to dismiss Bryant's second Petition as untimely filed. By separate Orders dated August 7, 2017,[4] the PCRA court denied Bryant's Motion to amend, and denied

_____

[3] The PCRA court did not explain the reason for the delay. This Court, considering the denial of Bryant's first Petition, indicated that pursuant to **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (holding that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is ought, or upon the expiration of time for seeking such review."), the PCRA court did not have authority to act on the second Petition during the pendency of Bryant's appeal from the denial of his first Petition. **See Bryant**, 159 A.3d 1002 (unpublished memorandum at *6). However, Bryant's first Petition was not yet on appeal at the time he filed his second Petition. This Court recently considered whether a PCRA court has jurisdiction to address a PCRA petition despite the pendency of another petition in the PCRA court. **See Commonwealth v. Montgomery**, 2018 PA Super 54 (Pa. Super. filed Mar. 14, 2018) (*en banc*). In **Montgomery**, this Court considered the Pennsylvania Supreme Court's decisions in **Lark** and **Commonwealth v. Porter**, 35 A.3d 4, 14 (Pa. 2012) (concluding that "**Lark** does not speak to the PCRA court's authority … where no appeal was pending, and where a prior petition was set aside, in accordance with the petitioner's demand that it not be decided."), and held that "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time **unless** the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final." **Montgomery**, 2018 PA Super 54 at *4 (emphasis added); **see also id.** (stating that "nothing bars a PCRA court from considering a subsequent petition, even if a prior petition is pending, so long as the petition is not under appellate review."). Thus, the PCRA court had jurisdiction to consider Bryant's second Petition at the time it was filed, despite the pendency of his first Petition.

[4] Both Orders were docketed on August 8, 2017.

Bryant's second Petition. In its Order denying the second Petition, the PCRA court stated that Bryant's Petition was untimely filed, and he had failed to plead and prove one of the timeliness exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). This timely appeal followed.[5]

On appeal, Bryant claims that the PCRA court improperly concluded that his second PCRA was untimely filed. Brief for Appellant at 3 (unnumbered). We agree.

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

In its Order denying Bryant's second Petition, the PCRA court stated that because Bryant had 90 days to file a petition for writ of *certiorari* in the United States Supreme Court after the Pennsylvania Supreme Court denied allowance of appeal, *see* Sup. Ct. R. 13(1), his judgment of sentence became final on October 14, 2013. *See* Order Denying PCRA, 8/7/17, at 1. The PCRA court stated that the deadline to file a timely Petition was October

---

[5] The Commonwealth did not file an appellate brief.

14, 2014, and therefore, Bryant's Petition, which was filed the following day, was patently untimely. ***See id.***

Notably, Monday, October 14, 2013 was Columbus Day. Therefore, Bryant's judgment of sentence became final on October 15, 2013, the final day on which Bryant could have filed a petition for writ of *certiorari* in the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also*** Sup. Ct. R. 30(1) (providing that, regarding the computation of time, "[t]he last day of the period shall be included, **unless** it is a Saturday, Sunday, **federal legal holiday**…, in which event the period shall extend until the end of the next day that is not a Saturday, Sunday, federal legal holiday…." (emphasis added)); 5 U.S.C.A. § 6103(a) (identifying Columbus Day as a legal public holiday). Thus, Bryant's second Petition, which he filed exactly one year after the date his judgment of sentence became final, was timely.

Because the PCRA court denied Bryant's second Petition based on its incorrect determination that it was untimely filed, we reverse the Order denying Bryant's Petition, and remand to the PCRA court for consideration of the merits of the claims raised therein. ***See Montgomery, supra***.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/2018