J-S63011-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN SCOTT IVERSON | : | |
| | : | |
| Appellant | : | No. 1810 WDA 2017 |

Appeal from the PCRA Order November 7, 2017
In the Court of Common Pleas of Warren County
Criminal Division at No(s):  CP-62-CR-0000194-2007

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                    FILED NOVEMBER 05, 2018

Christian Scott Iverson appeals from the order dated November 7, 2017, and entered November 8, 2017, in the Court of Common Pleas of Warren County, that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA),[1] following a hearing.   Iverson seeks relief from the judgment of sentence of 20 to 40 years' imprisonment, which was imposed following his guilty plea to murder of the third degree.[2, 3]  Iverson claims: (1) The PCRA court erred in denying his PCRA petition, (2) The PCRA court erred in failing to find there was government interference in this matter, (3) The PCRA court

_____

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. 2502(c).

[3] See Commonwealth v. Iverson, 22 A.3d 1078 (Pa. Super. 2010) (unpublished memorandum), appeal denied, 47 A.3d 845 (Pa. 2012).

erred when it stated that Iverson's PCRA petition was untimely, as the government interference exception does not need to be asserted within 60 days, (4) The PCRA court erred when it found that there was no newly discovered evidence to satisfy an exception to the timeliness requirement, and (5) All prior counsel were ineffective in failing to raise the government interference issue previously. See Iverson's Brief at 6. Based upon the following, we affirm.

The tortuous procedural history of this case is set forth in Iverson's prior PCRA appeal, and we need not repeat it here. See Commonwealth v. Iverson, 159 A.3d 587 (Pa. Super. 2016) (unpublished memorandum). We simply state in that prior PCRA appeal, a panel of this Court determined that Iverson's present petition, while patently untimely, was technically his first petition filed after his direct appeal rights were reinstated nunc pro tunc. This Court further concluded Iverson was entitled to the appointment of counsel to represent him notwithstanding the apparent untimeliness of the petition and, therefore, vacated the denial of PCRA relief and remanded the case to the PCRA court. See id.

The PCRA court appointed counsel and, following the filing of an amended PCRA petition, conducted a hearing on November 7, 2017, on two issues, namely, the ineffectiveness of counsel and the timeliness of the petition. The PCRA court thereafter denied PCRA relief, finding Iverson failed to satisfy the PCRA's timeliness exceptions for the governmental interference exception and the newly discovered evidence exception, 42 Pa.C.S. §

9545(b)(1)(i), (ii).  See N.T., 11/7/2017, at 89-90.  The PCRA court denied PCRA relief by order entered November 8, 2017, and this appeal followed.[4]

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions are free from legal error."  Commonwealth v. Cox, 146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted).  "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." Commonwealth v. Boyd, 923 A.2d 513, 515 (Pa. Super. 2007).

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Additionally, all of the time-bar exceptions are subject to a separate deadline.

_____

[4] Iverson timely complied with the order of the PCRA court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

- 3 -

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. The sixty (60) day time limit . . . runs from the date the petitioner first learned of the alleged after discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

Commonwealth v. Williams, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted). Our Supreme Court has held that section 9545(b)(2) also requires a showing of due diligence insofar that a petitioner must file the petition within 60 days that the claim first could have been presented. Commonwealth v. Marshall, 947 A.2d 714, 719-720 (Pa. 2008).

Here, Iverson invokes the governmental interference exception to the PCRA time bar, 42 Pa.C.S. § 9545(b)(1)(i). He bases his claim on an undated note with the signature of the district attorney in his case which, he contends, "implied that [the district attorney] obtained evidence from [trial counsel's] file pertaining to [Iverson] after [trial counsel's] demise."[5] Iverson's Brief at 9. No relief is due.

While Iverson's substantive claim appears to be that the district attorney meddled in his case when it was pending in the trial court, such allegation does not implicate the governmental interference timeliness exception.

_____

[5] At the PCRA hearing, the former, now retired, district attorney testified that, "[a]fter [Iverson's] first attorney had died and [new trial counsel] entered an appearance, [the district attorney] had retrieved discovery material from [deceased counsel's] legal secretary to forward to [new trial counsel]. ... Either he or someone on his staff requested said items from [deceased counsel's] secretary." PCRA Court Opinion, 1/18/2018, at 3, citing N.T., 11/7/2017, at 25-28.

Furthermore, Iverson did not file his petition within 60 days of when the claim first could have been presented since he testified he was aware of the note in April, 2012. As the PCRA court cogently explained:

> There was no interference by government officials with the presentation of the claim, per se. When [Iverson] made his claim, i.e., filed his Petition, there was no governmental interference alleged nor proven which hindered him from filing it. [Iverson] appears to allege, though not clearly, that the action of the government of which he complains is that the district attorney went to the office of his first trial attorney and obtained contents of his defense file. Such an act of the district attorney, even if it were true, would not be interference in [Iverson's] filing of a claim, but, instead it would be interference with his ability to defend himself at the trial stage. The "claim" referred to in Section 9545(b)(1) is the act of filing a claim in a PCRA petition. In the instant case there is no allegation nor any evidence of any interference by the government in [Iverson's] filing of his PCRA petition. [Iverson's] untimely petition does not fall within the parameters of Subsection 9545(b)(i).
>
> [Iverson] is also in violation of the sixty-day requirement of Section 9545(b)(2). Testimony at the PCRA hearing revealed that [Iverson] became aware of the district attorney's note or email long before sixty days prior to his filing the Petition, in April, 2012. His current counsel argues that the sixty day requirement does not apply to the governmental interference exception. However, she cites no statutory language or rule to back up her argument. To the contrary, Section 9545(b)(2) clearly states that "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." The government interference exception is set forth in Paragraph (1). Therefore the sixty-day rule obviously is applicable.

PCRA Court Opinion, 1/18/2018, at 5-6.[6]  We agree with the PCRA court's analysis.

Here, Iverson was aware of the note of the district attorney in April, 2012.  Thereafter, on September 7, 2012, this Court affirmed the denial of PCRA relief in Iverson's pending PCRA appeal, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on April 3, 2013. Commonwealth v. Iverson, 60 A.3d 847 [1997 WDA 2011] (Pa. Super. 2012) (unpublished memorandum), appeal denied, 63 A.3d 1244 (Pa. 2013).

We recognize that a PCRA petitioner cannot file a new PCRA petition when a prior petition is still under review on appeal.  Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000) ("[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review.").  However, after his PCRA appeal was resolved by the Pennsylvania Supreme Court in 2013, Iverson waited until October 17, 2015 to file the present petition.  As such, Iverson did not file the petition within 60 days of the date the claim first could have been presented.  See 42 Pa.C.S. § 9545(b)(2);  Lark, supra ("The subsequent petition must also be filed within

_____

[6] The PCRA judge in this case, the Honorable William F. Morgan, retired at the end of the year 2017.  The Honorable Maureen Skerda assumed responsibility as President Judge for the filing of the Pa.R.A.P. 1925(a) opinion.  See PCRA Court Opinion, 1/18/2018, at 1.

sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first 'date the claim could have been presented.'").

Although Iverson's counsel previously contended the 60-day requirement did not apply to the governmental interference exception, counsel now recognizes that Section 9545(b)(2) applies to all PCRA exceptions. Therefore, counsel asks this Court to hold that the 60-day period in Section 9545(b)(2) runs from the discovery of the issue by counsel. However, there is no support in the PCRA or case law for PCRA counsel's position, and we decline the opportunity to create a new rule.

Even if Iverson had satisfied Section 9545(b)(2), the result would be the same, since we agree with the PCRA Court that Iverson's claim based upon the note of the district attorney is not a claim that implicates the governmental interference exception. Iverson was not prevented from filing a PCRA petition by the alleged actions of the district attorney prior to trial. Furthermore, to the extent Iverson claims he was prevented from raising the issue by prior counsel's ineffectiveness, his argument fails because "[c]laims relating to neffectiveness of counsel for failing to raise certain issues do not qualify due to the specific provision in 42 Pa.C.S. § 9545(b)(4) that the term 'government officials' does not include defense counsel." Commonwealth v. Mumia Abu-Jamal, 833 A.2d 719, 725 (Pa. 2003) (citation omitted). Accordingly, Iverson's reliance on the governmental interference exception fails.

Nor does the unknown facts exception, 42 Pa.C.S. § 9545(b)(1)(ii), save Iverson's petition. Our discussion above that Iverson has failed to meet the

threshold 60-day requirement of Section 9545(b)(2) likewise applies to the this statutory exception. In any event, the unknown facts exception is not implicated since testimony at the PCRA hearing showed the district attorney's note was known to prior trial counsel. See N.T., 11/7/2017, at 53-54, 56. In addition, although Iverson maintains the issue was not discovered until present counsel reviewed his case, the Pennsylvania Supreme Court has held that a claim of ineffectiveness of prior counsel does not constitute an after-discovered "fact" that will establish jurisdiction under 42 Pa.C.S. § 9545(b)(1)(ii). Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 786 (Pa. 2000).

Based on our review, we agree with the PCRA court that Iverson's present PCRA petition is untimely and that no statutory exception applies to overcome the PCRA time bar. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/2018

- 8 -