J-S56013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
SCOTT KERNS :
:
Appellant : No. 1598 MDA 2017

Appeal from the PCRA Order September 18, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000371-2001

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:    **FILED: NOVEMBER 7, 2018**

Appellant, Scott Kerns, appeals from the order entered in the Berks County Court of Common Pleas, which denied his serial petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On May 14, 2001, Appellant entered an open guilty plea to involuntary deviate sexual intercourse.  The court sentenced Appellant on January 18, 2002, to 7½ to 20 years' incarceration; the court also adjudicated Appellant a sexually violent predator.  Appellant timely filed a notice of appeal on February 19, 2002.  On December 23, 2003, this Court affirmed the judgment of sentence.  ***See Commonwealth v. Kerns***, 844 A.2d 1282 (Pa.Super. 2003) (unpublished memorandum).  Appellant did not pursue further direct appellate review.

Appellant timely filed *pro se* his first PCRA petition on February 17, 2004.

On May 10, 2004, the PCRA court issued notice per Pa.R.Crim.P. 907, and dismissed Appellant's PCRA petition on June 8, 2004. Appellant timely filed a notice of appeal on June 23, 2004. This Court affirmed the June 8, 2004 order on March 4, 2005. **See Commonwealth v. Kerns**, 875 A.2d 388 (Pa.Super. 2005) (unpublished memorandum). Appellant then unsuccessfully litigated twelve more PCRA petitions.

On October 14, 2016, Appellant filed *pro se* his 14th PCRA petition. The PCRA court dismissed the petition on March 13, 2017; Appellant filed a *pro se* notice of appeal on April 5, 2017. On August 24, 2017, Appellant filed *pro se* his 15th PCRA petition and a motion to stay the 15th PCRA petition until this Court disposed of his appeal regarding his 14th PCRA petition. The PCRA court denied Appellant's 15th PCRA petition on August 31, 2017. On September 8, 2017, Appellant *pro se* filed the instant PCRA petition, his 16th. On September 11, 2017, Appellant filed a *pro se* motion to bar applicability of sex offender registration and/or petition for writ of *habeas corpus*. The PCRA court dismissed both the instant PCRA petition and the *habeas corpus* petition on September 18, 2017. Appellant timely filed *pro se* notices of appeal from the denials of his 15th and 16th PCRA petitions on September 28, 2017, and October 13, 2017, respectively. This Court affirmed the denial of Appellant's 14th PCRA petition on November 7, 2017. **See Commonwealth v. Kerns**, 181 A.3d 386 (Pa.Super. 2017) (unpublished memorandum). On December 1, 2017, Appellant filed in this Court a *pro se* motion to withdraw the appeal

- 2 -

from the denial of his 15th PCRA petition. On June 11, 2018, our Supreme Court denied allowance of appeal on Appellant's 14th PCRA petition. *See Commonwealth v. Kerns*, ___ Pa. ___, 187 A.3d 212 (2018).

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final at the conclusion of direct review or at the expiration of time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances that excuse the late filing of a petition. 42 Pa.C.S.A. § 9545(b)(1).

Instantly, Appellant's judgment of sentence became final on January 22, 2004, following the 30 days for filing a petition for appeal with our Supreme Court. *See* Pa.R.A.P. 903(a). Appellant filed the current *pro se* PCRA petition on September 8, 2017, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant did not assert or prove any of the statutory exceptions to the PCRA time-bar. *See id.*; *Commonwealth v. Murphy*, 180 A.3d 402 (Pa.Super. 2018) (stating petitioner cannot rely on *Commonwealth v. Muniz*, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018), to meet timeliness exception under Section 9545(b) until Supreme Court holds so). Moreover, Appellant filed the

instant PCRA petition while the orders denying his 14th and 15th petitions were pending on appeal. Accordingly, the PCRA court properly dismissed Appellant's current (16th) petition for lack of jurisdiction. ***See Commonwealth v. Lark***, 560 Pa. 487, 746 A.2d 585 (2000) (holding court has no jurisdiction to review subsequent PCRA petition that is filed while appeal from previous PCRA petition is still pending).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/07/2018