J-S10038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROUTHA R. ROUSSAW | : | |
| | : | |
| Appellant | : | No. 2157 EDA 2018 |

Appeal from the PCRA Order Entered June 29, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0931421-1989

BEFORE: GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.: **FILED MARCH 22, 2019**

Appellant, Routha R. Roussaw, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his fifth petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On April 24, 1991, a jury convicted Appellant of first-degree murder, robbery, and conspiracy. The court sentenced Appellant to life imprisonment for the murder conviction, a consecutive term of 10 to 20 years' imprisonment for the robbery conviction and a consecutive term of 5 to 10 years' imprisonment for the conspiracy conviction. This Court affirmed the judgment of sentence concerning Appellant's murder and conspiracy convictions on November 17, 1992, but vacated and remanded for a new trial regarding the robbery conviction, due to a flawed jury instruction. Our Supreme Court denied allowance of appeal on June 29, 1993. ***See***

_____

* Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Roussaw*, 620 A.2d 1237 (Pa.Super. 1992), *appeal denied*, 535 Pa. 617, 629 A.2d 1379 (1993). Upon remand, the Commonwealth obtained a *nolle prosequi* on the robbery charge on September 24, 1993.

Between 1996 and 2015, Appellant unsuccessfully litigated three PCRA petitions. On May 17, 2017, Appellant filed his fourth PCRA petition. Following notice per Pa.R.Crim.P. 907, the court denied relief on August 25, 2017. Appellant pursued a timely appeal from the denial of his fourth PCRA petition. While Appellant's appeal from the denial of his fourth PCRA petition was still pending, he filed the current *pro se* fifth PCRA petition on June 6, 2018. The court issued Rule 907 notice on June 15, 2018; Appellant responded *pro se* on June 26, 2018. On June 29, 2018, the court dismissed Appellant's fifth petition as untimely. Subsequently, on July 9, 2018, this Court affirmed the denial of Appellant's fourth PCRA petition. **See Commonwealth v. Roussaw**, 194 A.3d 653 (Pa.Super. 2018).

Appellant timely filed a notice of appeal on July 12, 2018, from the denial of his fifth PCRA petition. No Pa.R.A.P. 1925(b) statement was ordered or filed.

Preliminarily, Pennsylvania law makes clear the trial court has no jurisdiction to adjudicate claims directly related to a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. **Commonwealth v. Lark**, 560 Pa. 487,

493, 746 A.2d 585, 588 (2000). **See also Commonwealth v. Montgomery**, 181 A.3d 359, 364 (Pa.Super. 2018) (*en banc*), *appeal denied*, ___ Pa. ___, 190 A.3d 1134 (2018) (reaffirming that **Lark** precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending).

Instantly, Appellant's appeal from the denial of his fourth PCRA petition in this case was still pending when he filed his fifth PCRA petition on June 6, 2018. Under prevailing law, the court had no jurisdiction to address the fifth PCRA petition before disposition of Appellant's pending appeal from the denial of his fourth PCRA petition. **See Lark, supra**; **Montgomery, supra**. Accordingly, the court properly dismissed Appellant's fifth PCRA petition. **See generally Commonwealth v. Kemp**, 961 A.2d 1247 (Pa.Super. 2008) (*en banc*) (explaining this Court can affirm on any valid basis).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/19

- 3 -