J-S53036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERNEST BENJAMIN | : | |
| | : | |
| Appellant | : | No. 310 EDA 2019 |

Appeal from the PCRA Order Entered January 2, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0332721-1993

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

JUDGMENT ORDER BY NICHOLS, J.: **FILED OCTOBER 28, 2019**

Appellant Ernest Benjamin appeals *pro se* from the order dismissing his third petition pursuant to the Post Conviction Relief Act[1] (PCRA) as untimely. Appellant contends that he has overcome the time-bar of the PCRA by asserting a newly recognized constitutional right under ***Miller v. Alabama***, 567 U.S. 460 (2012) and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016). We affirm.

The relevant facts and procedural history of this appeal are as follows. On March 31, 1993, following a non-jury trial, the trial court sentenced Appellant to an aggregate term of life imprisonment for second-degree murder, robbery, and related offenses. This Court affirmed the judgment of sentence on July 31, 1995 and Appellant did not seek further review.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

Following an unsuccessful first PCRA, Appellant filed his second *pro se* PCRA petition on May 15, 2012 asserting a **Miller** claim. After issuing proper notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907 notice, the PCRA court denied relief. This Court affirmed the denial of Appellant's second petition on June 8, 2016. Specifically, this Court held that **Miller** did not apply in Appellant's case because he was nineteen years of age at the time of the offense. **See Commonwealth v. Benjamin**, 2615 EDA 2015 (Pa. Super. filed June 8, 2016) (unpublished mem.).

While the appeal of his second petition was pending before this Court, Appellant filed the instant *pro se* PCRA petition and a motion for leave amend on March 21, 2016. The PCRA court treated the filings as Appellant's third PCRA petition. Subsequently, the PCRA court issued Rule 907 notice and dismissed the instant petition on January 2, 2019. This appeal follows.

Preliminarily, we observe that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). Here, Appellant prematurely filed the current PCRA petition because his appeal of the order dismissing his second petition was still pending before this court. Therefore, the PCRA court should not have considered the instant petition. **See Lark**, 746 A.2d at 588.

Moreover, even if Appellant's petition was properly before this Court, no relief is due. Appellant argues that, although he was nineteen at the time of the offense, the constitutional protection against cruel and unusual punishment articulated in **Miller** should be extended to his case because of his diminished mental capacity. However, this Court has already determined **Miller** is inapplicable where the defendant is over the age of eighteen. **See Commonwealth v. Lee**, 206 A.3d 1, 11 (Pa. Super. 2019) (*en banc*) (concluding that age is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar). Therefore, Appellant's PCRA petition was time-barred and he did not satisfy the newly recognized constitutional right exception. **See id.** Accordingly, we affirm the order denying PCRA relief.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/19