J-S42012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH WILLIAMS | : | |
| | : | |
| Appellant | : | No. 541 MDA 2025 |

Appeal from the PCRA Order Entered March 25, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000695-2008

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 17, 2026**

Appellant, Joseph Williams, appeals from the order entered on March 25, 2025, dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history as follows.  On February 12, 2009, a jury convicted Appellant of third-degree murder and robbery.[1]  On April 3, 2009, the trial court sentenced Appellant to an aggregate sentence of 30 to 60 years of incarceration.  "[T]his Court affirmed the judgment of sentence on June 10, 2011."  ***Commonwealth v. Williams***, 2019 WL 4567545, at *1 (Pa. Super. 2019) (non-precedential decision).  "Appellant filed a timely petition for allowance of appeal with our Supreme Court. While that petition was pending, on August 31, 2011, Appellant filed a

---

[1]  18 Pa.C.S.A 2502(c) and 3701(a)(1)(i), respectively.  At trial, Appellant argued self-defense and claimed another man shot at him first.

*pro se* PCRA petition, which the court held in abeyance until Appellant's direct appeal resolved." ***Id.*** Our Supreme Court denied petition for allowance of appeal on July 16, 2012. ***See Commonwealth v. Williams***, 31 A.3d 741 (Pa. Super. 2011), *appeal denied*, 48 A.3d 1249 (Pa. 2012). Appellant filed another *pro se* PCRA petition which the PCRA treated as his first PCRA petition, on August 14, 2012. The PCRA court denied relief on February 28, 2018. On September 20, 2019, this Court affirmed the PCRA court's decision. ***See id.*** On May 15, 2020, Appellant filed a second PCRA petition, which was denied as untimely, and not subject to exception, on July 13, 2023. Appellant did not appeal that determination. On January 5, 2023, Appellant filed his third PCRA petition. On January 25, 2023, the PCRA court entered an order appointing counsel to represent Appellant. Counsel for Appellant subsequently filed two amended PCRA petitions on Appellant's behalf. The PCRA court held evidentiary hearings on June 21, 2024 and August 15, 2024. On March 25, 2025, the PCRA court entered an opinion and order denying Appellant relief. This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

A. Whether the [PCRA] court erred in dismissing [] Appellant's PCRA [petition] where trial counsel failed to call Joseph Anderson and failed to present photographic evidence to support [Appellant's] self-defense claim[?]

_____

[2] Appellant filed a timely, counseled notice of appeal on April 23, 2025. On April 24, 2025, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on May 14, 2025. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 10, 2025.

Appellant's Brief at 4 (complete capitalization omitted).

"Appellant claims trial counsel and initial PCRA counsel [were ineffective] for failing to introduce a photograph of a vehicle with an alleged bullet hole in the windshield to support Appellant's theory of self-defense." *Id.* at 13. More specifically, Appellant argues:

> Trial counsel testified [at the PCRA evidentiary hearing] that he was given the photo[graph] in question prior to [Appellant's 2009] trial. However, he testified that he didn't use the photograph because his investigation revealed the bullet hole occurred prior to the shooting. Trial counsel said this conclusion was based upon speaking with a police officer. PCRA counsel testified that he never received the photograph in files turned over by trial counsel [but obtained it] from family members of [A]ppellant.

*Id.* at 16 (record citations omitted). As such, Appellant maintains he "was denied the ability to fully argue self-defense when trial counsel failed to introduce the photograph of the alleged bullet hole that was proof [someone else] fired [first];" relatedly, Appellant also argues that, without the photograph, he was denied the opportunity to impeach a police officer who "testified that there was no evidence of any object/building in the area of the shooting being struck by a bullet." *Id.* at 18-19.

We adhere to following standard of review:

> This Court examines PCRA appeals viewed in the light most favorable to the prevailing party. The petitioner bears the burden to prove, by a preponderance of the evidence, that he or she is eligible for PCRA relief. It is well established that review under the PCRA has jurisdictional limitations. Therefore, questions regarding the scope of the [] the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo*. As a general proposition, an appellate court reviews the

> PCRA court's findings to see if they are supported by the record and free from legal error. Our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party, in this case, the Commonwealth.

*Commonwealth v. Mickeals*, 335 A.3d 13, 20 (Pa. Super. 2025) (internal citations, quotations, and emphasis omitted; brackets supplied).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Here, as previously stated, Appellant's judgment of sentence became final on June 10, 2011. As such, Appellant had one-year, or until June 10, 2012, to file a timely PCRA petition. Accordingly, Appellant's current PCRA petition, filed on January 5, 2023, almost 11 years after judgment of sentence became final, is patently untimely.

A court, however, may review an untimely PCRA petition if the petitioner pleads and proves one of three exceptions to the PCRA's one-year time bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  A petition invoking a timeliness exception must be "filed within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Moreover, this Court has determined:

The PCRA timeliness requirements are jurisdictional in nature. Accordingly, if a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims.  It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. In the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement or neglect.

*Mickeals*, 335 A.3d at 20–21 (internal citations and quotations omitted).

Regarding *Brady v. Maryland*, 373 U.S. 83 (1963), "[d]ue process is offended when the prosecution withholds evidence favorable to the accused where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  *Commonwealth v. Natividad*, 200 A.3d 11, 25 (Pa. 2019) (citation omitted).  When a *Brady* claim is raised in a PCRA petition, before addressing the merits of the claim, however, we must first determine if there is jurisdiction to do so.  *Id.* at 26, *citing Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).  It is well-settled that a *Brady* violation may fall within the governmental interference and newly-discovered fact exceptions to the PCRA's one-year time bar.  *Id.* at 28; *see also Commonwealth v. Abu-Jamal*, 941 A.2d

1263, 1268 (Pa. 2008) (**Brady** violations may fall within the governmental interference exception, but the petitioner must plead and prove that the failure to raise the claim earlier was the result of interference by government officials, and the information could not have been obtained earlier with due diligence.) Appellant's most recent PCRA petition had to be filed within one year of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).

Moreover, our Supreme Court has held that a claim that previous counsel was ineffective is, in the vast majority of cases, not a newly-discovered fact entitling an appellant to the benefit of the newly-discovered fact exception and does not save an otherwise untimely PCRA petition for review on the merits.[3]  **See Commonwealth v. Gamboa Taylor**, 753 A.2d 780, 785 (Pa. 2000) (holding that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits because a conclusion that previous counsel was ineffective is not the type of newly-discovered fact encompassed by the timeliness exception); **see also Commonwealth v. Lark**, 746 A.2d 585, 589 (Pa. 2000)

_____

[3] Our Supreme Court recognizes only one limited exception to this rule.  **See Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007) (holding that postconviction counsel's ineffectiveness cannot be invoked as a newly-discovered "fact" for purposes of the unknown facts exception found at Section 9545(b)(1)(ii) except when postconviction counsel's conduct results in complete abandonment of his client for purposes of appeal).  In this case, as set forth above, Appellant was represented by counsel and never abandoned.  Therefore, using counsel's ineffectiveness to establish a timeliness exception under the PCRA simply does not apply herein.

(holding that couching argument in terms of ineffectiveness cannot save a petition that does not fall into an exception to the jurisdictional time bar).

Here, upon review of the record, at no time did Appellant establish jurisdiction over his collateral claims by invoking a timeliness exception to the PCRA. Appellant has always couched his claim in terms of ineffective assistance of trial counsel and initial PCRA counsel. In his PCRA petition filed on September 11, 2023, Appellant alleged "in the alternative" that "**if** it was determined that the [] photographs [at issue] were not provided to trial counsel" by the Commonwealth then there was a violation of due process under *Brady* and a new trial was required. Appellant's Amended PCRA petition, 9/13/2023, at 16 (emphasis added). Appellant, however, did not invoke 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) or plead a specific exception under the PCRA. Furthermore, on appeal, Appellant does not cite Section 9545 in his appellate brief, it is not included in the table of citations, and he does not specially invoke any of the exceptions. *See* Appellant's Brief at 12-15. As such, Appellant did not meet his burden of alleging and/or proving that one of the timeliness exceptions applies.

Moreover, in his most recent PCRA petition, Appellant conceded that "[a]pparently, the [] photographs were not provided to [trial] [c]ounsel directly from the prosecutor, it appears that they were provided by a detective, an agent of the Commonwealth and prosecutor" and that Appellant "did not become aware of the fact" until subsequent attorneys reviewed the matter. Appellant's Amended PCRA petition, 9/13/2023, at 18, ¶¶ 91-92

(parentheticals omitted). Instead, Appellant claimed that he "could not and would not have known where the photographs came from and that they were in possession of [t]rial counsel at the time of trial." *Id.* at 18, ¶ 93. Accordingly, Appellant presented a claim of ineffective assistance of trial counsel and initial PCRA counsel. *Id.* at 18, ¶ 94-95. However, contrary to the claim of ineffectiveness, Appellant also admitted that trial counsel had the subject photographs at the time of trial. *See* Appellant's Memorandum in Support of PCRA Petition, 8/13/2024, at *2 (Trial counsel "admittedly had the photographs of the Griffith vehicle with the hole/blue tape on the windshield (Exhibit "1") in his file and possession [and trial counsel] testified that he was handed the photograph by an unidentified York City Detective involved in the case at trial, did not pursue investigation of the photograph or Griffith vehicle for trial, and did not introduce the photographs ( Exhibit "1" ) at trial."). On appeal, Appellant does not allege that there was a *Brady* violation. *See* Appellant's Brief at 16 ("Trial counsel testified that he was given the photos in question prior to trial."). Instead, Appellant solely argues that all prior counsel were ineffective for failing to introduce the photographs at trial or raise the issue in a prior PCRA petition. *Id.* at 16-19.

Upon review of the record and applicable law, we determine that Appellant is not entitled to relief. Appellant's most recent PCRA filings were patently untimely and the PCRA court lacked jurisdiction unless Appellant pled and proved an exception to timeliness under the PCRA. Moreover, the subject photographs were neither unknown to Appellant's trial counsel or withheld by

the prosecution at the time of trial. Hence, Appellant did not meet his burden of pleading or proving a timeliness exception under the PCRA. Moreover, as explained above, aside from an inapplicable, narrow exception, claims of ineffective assistance of counsel generally cannot save an otherwise untimely PCRA petition. For all of the foregoing reasons, the PCRA court properly denied relief.[4]

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/17/2026

---

[4] While the PCRA court erroneously accepted jurisdiction and considered the merits of the underlying ineffective assistance of counsel claim, jurisdiction was a threshold inquiry that was required to be considered prior to addressing the merits of any PCRA claim. *See Mickeals*. Our Supreme Court, however, has stated that "an appellate court [may] affirm the trial court's decision on any [legal] basis that is supported by the record." *In re A.J.R.-H.*, 188 A.3d 1157, 1176 (Pa. 2018) (citation omitted).